507 A.2d 1250

**Amos A. VOLPE, individually and on behalf of a class of similarly situated individuals, Appellants**

v.

**UNION FIDELITY LIFE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Dec. 18, 1985.

Filed April 18, 1986.

James J. DeMarco, Philadelphia, for appellants.

Jeffrey S. Rosenblum, Philadelphia, for appellee.

Before BROSKY, McEWEN and HESTER, JJ.

HESTER, Judge:

This is an appeal from the order of the Court of Common Pleas of Philadelphia County denying certification of class action status to the within matter. For the following reasons, we reverse and remand for a certification hearing.

Appellant, Amos A. Volpe, entered the University of Pennsylvania Hospital on April 11, 1980, for treatment of

myocardial infarction and cerebral hemorrhage.[1] Between May 7, 1980, and July 21, 1980, appellant was confined to the rehabilitation unit of the hospital. Appellant sought to recover $3,240.00 for hospital bills pursuant to a senior citizens group policy offered by Union Fidelity Life Insurance Company, appellee herein.[2] Appellee denied coverage based upon its definition of covered hospitalization which specifically excluded payment for confinement in "any institution or part thereof used other than incidentally as a place for rehabilitation...."

Appellant filed the instant action on April 22, 1981, individually and on behalf of a class of similarly situated individuals. After the disposition of preliminary objections to the complaint, appellee filed an answer denying all allegations on August 18, 1981.[3] Appellant thereafter neglected to proceed with any discovery or to take any other action in the case. Consequently, on March 19, 1982, appellee requested that a certification hearing be held within twenty days. One month later, appellant served interrogatories on appellee, requesting information in reference to the class action allegations. Appellee's answers to the interrogatories included numerous objections to various questions as irrelevant, overbroad, onerous, and burdensome.

On June 21, 1983, appellant filed a motion for sanctions, seeking more complete answers to the interrogatories and a motion for judgment on the pleadings. The latter motion was denied on February 18, 1983, but the trial court refused to rule upon the former motion until it had received proof of appellant's death. Said proof was not received until a status conference was held on May 17, 1984. After hearing oral argument and requesting supplemental memoranda,

1. Amos A. Volpe died in December of 1982, and was replaced in this action by his administrator, Anthony Volpe, on March 31, 1983. For convenience, we will continue to refer to Amos Volpe as appellant.

2. The subject policy known as a Medicare Supplement Policy, provides for the payment of benefits commencing upon the 61st day of an insured's hospitalization during a given benefit period.

3. On July 29, 1981, the trial court entered an order dismissing Count II of the complaint, which constituted a claim for punitive damages and emotional distress.

the court entered an order denying certification of class action status. That order is the subject of this appeal.

█ Appellant raises two issues herein. First, he contends that it was error for the trial court to deny certification without a hearing. Second, he argues that the trial court erred in failing to rule on his motion for sanctions prior to entering its order denying certification. We agree with appellant; accordingly, we vacate the order and remand.

Pennsylvania Rule of Civil Procedure 1707 provides:

(a) Within thirty (30) days after the pleadings are closed or within thirty (30) days after the last required pleading was due, the plaintiff shall move that the action be certified as a class action. The court may extend the time for cause shown. If the plaintiff fails to move for certification, the court if so notified shall promptly set a date for a certification hearing.

(b) The court may postpone the hearing to a later date pending the disposition of other motions or to permit discovery with respect to the class action issues.

(c) The hearing shall be limited to the Class Action Allegations. In determining whether to certify the action as a class action the court shall consider all relevant testimony, depositions, admissions and other evidence.

The above-cited language dictates that, in all class actions, a hearing to determine certification is required. *See Cribb v. United Health Clerks, Inc.*, 336 Pa.Super. 479, 485 A.2d 1182 (1985). ("Appellants received a full [certification] hearing as required by the rules of civil procedure....")

The need for a hearing is embodied in the explanatory note following the rule which states: "A hearing on certification of the action as a class action is *mandatory* in all cases." (Emphasis added.) Both the Supreme Court and Superior Court employ comments to rules of procedure when interpreting those rules. *See Laudenberger v. Port Authority of Allegheny County*, 496 Pa. 52, 436 A.2d 147 (1981). Though comments to procedural rules are advisory

only, they serve as effective aids in interpretation of the rules and amendments. *Commonwealth v. Lewis*, 295 Pa. Super. 61, 440 A.2d 1223 (1982).

The above-quoted comment indicates an intent by the Supreme Court, pursuant to its rule-making authority, to deprive the trial court of any discretion in the procedure governing class action certification. The language does not state that the court "may conduct a hearing." Rather, the rule directs the court to "consider all relevant testimony, depositions, admissions and other evidence," which can only be derived from a formal hearing, in determining whether to certify the action as a class action.

In its opinion, the trial court acknowledged that Rule 1707 provides that a hearing for certification should be held. However, it stated that "in view of judicial economy and the facts of this matter, it is this court's opinion that a certification hearing is not necessary." [4] In so holding, it relied upon Pa.R.J.A. 1901 which provides that "it is the policy of the unified judicial system to bring each pending matter to a final conclusion as promptly as possible consistently with the character of the matter and the resources of the system."

In effect, the trial court abrogated Rule 1707 by deciding, based upon the facts before it, that a hearing was unwarranted. However, this decision deprived appellant of the opportunity to present additional testimony, depositions, or admissions relating to the class action allegations which may have supported the certification of the case as a class action suit. The failure to accept evidence in addition to the documents previously submitted led to a decision based upon an incomplete record and deprived appellant of his

---

4. We echo the sentiments voiced by Justice Papadakos in a recent opinion in which he wrote "to express [his] deep concern for the cavalier manner in which lawyers, trial courts, and even appellate courts, have come to regard our Rules of Civil Procedure. More and more, the Rules are being ignored or violated in a laissez-faire attitude of 'so-what-ism.'" *Hoare v. Bell Telephone Co. of Pa.*, 509 Pa. 57, 61, 500 A.2d 1112, 1114 (1985) (Concurring opinion by Papadakos, J.).

right to the hearing required by the Supreme Court of Pennsylvania.

Moreover, to accept the trial court's conclusion that a hearing was unnecessary based upon these facts results in the review by this court of that decision as well as the actual decision whether or not to certify.  One purpose served by adherence to procedural rules is to necessitate review of the ultimate result only.  Otherwise, the appellate courts would be burdened with analyzing whether the rules should have been followed in each case rather than whether justice, as guided by constant procedures, was in fact served.  Accordingly, we must vacate the trial court's order and remand for a certification hearing.

Appellant's second issue has no merit.  At the time the trial court entered its order denying certification, it had not yet ruled upon appellant's motion for sanctions.  Appellee argues that the trial court impliedly ruled upon that motion in its order denying certification.  However, since we are vacating that order, any disposition, direct or indirect, of that motion has also been rendered void.  The question before us is whether the trial court must dispose of appellant's motion for sanctions prior to the certification hearing to be held upon remand.

██ Although it would seem advisable for all preliminary and discovery motions to be ruled upon prior to the certification hearing, Pa.R.C.P. 1707(b) specifically provides that "the court *may* postpone the hearing to a later date pending the disposition of other motions or to permit discovery...."  (Emphasis added).  This language clearly leaves to the discretion of the trial court the question whether to dispose of such motions prior to or after the certification hearing.  Moreover, the power of a court to impose sanctions for noncompliance with discovery is cast in precatory language and is clearly within the discretion of the trial court.  *See* Pa.R.C.P. 4019; *Commercial Trading Co., Inc. v. Milsan Mills Inc.,* 327 Pa.Super. 407, 476 A.2d 16 (1984).  Nevertheless, since additional information which might result from the grant of a motion for sanctions could

support the class action allegations, it is preferable to rule upon all outstanding discovery motions prior to the certification hearing.

Order vacated; case remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.