**Philip BALDASSARI, on Behalf of Himself and All Others Similarly Situated, Appellant,**

v.

**SUBURBAN CABLE TV CO., INC., Appellee.**

Superior Court of Pennsylvania.

Argued June 11, 2002.

Filed Aug. 28, 2002.

Reargument Denied Oct. 30, 2002.

Richard A. Sprague, Philadelphia, for appellant.

Alexander Kerr, Philadelphia, for appellee.

Before: STEVENS, TAMILIA, and KELLY, JJ.

STEVENS, J.

¶ 1 This is an appeal from the February 28, 2001 order entered in the Court of Common Pleas of Montgomery County denying Appellant's motion for class certification under Pa.R.C.P. 1702, 1708 and

1709. For the following reasons, we reverse and remand for further procedure.

¶ 2 Underlying the instant appeal is a civil action against Suburban Cable TV Co., Inc. (hereinafter Appellee) for unlawful liquidated damages, breach of contract, and violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law arising out of Appellee's late fee policy.[1] Appellant, a subscriber with Appellee, was assessed and paid a $2.00 late fee because he paid his cable bill after the due date. Appellant claims that Appellee's late fee policy is illegal and that the late fees charged by Appellee are exorbitant and disproportionate to the harm caused to Appellee by late payments.[2]

¶ 3 Appellant filed his original complaint on October 16, 1997. On January 15, 1998, Appellant filed an amended complaint in lieu of a response to preliminary objections filed by Appellee. On October 13, 1998, Appellant filed a motion for class certification seeking certification of the following class:

All persons in Pennsylvania, New Jersey and Delaware who received cable television services from defendant Suburban Cable TV Co., Inc. at any time between October 10, 1991 and the date of class certification or their successors in interest.

¶ 4 Thereafter, class discovery ensued. After completion of depositions related to class certification, Appellant filed a brief in support of the class certification motion. In that brief, Appellant amended his motion and requested certification of a class consisting of the following:

All persons in Pennsylvania who received cable television services from defendant Suburban Cable TV Co., Inc. at any time between October 10, 1991 and the date of class certification.

¶ 5 On March 8, 2000, a class certification hearing was conducted at which time Appellant again redefined the proposed class to include the following:

All persons in Pennsylvania who paid a late fee to the defendant from October 10, 1991, forward to the date of the class certification.

N.T. Class Certification Hearing, 3/8/00, at 5–11.

¶ 6 The trial court's order denying Appellant's motion for class certification reads as follows:

AND NOW, this 27th day of February, 2001, we hereby ORDER and DECREE that Plaintiff's motion for class certification of "all persons in Pennsylvania who paid a late fee to the Defendant, Suburban Cable, *from 1997,* to the date of class certification" is hereby DENIED.[3] (emphasis added).

1. We note that Appellant has not appealed the trial court's order denying class certification under the Unfair Trade Practices and Consumer Protection Law.

2. Specifically, Appellant claims that Appellee's late fee policy constitutes unlawful liquidated damages because it does not represent any reasonable endeavor by Appellee to estimate a fair, average compensation for any loss that might be sustained by the delinquency of any cable bill. Appellant further claims that the late fee policy constitutes a breach of the contract between Appellee and its subscribers in that Appellee has failed in its duty

to perform under the agreement with its customers in good faith by failing to assess a reasonable late fee in a reasonable manner.

3. The trial court determined as a finding of fact that as of 1997, Appellee had instituted a corporate wide integrated collection and disconnect policy. Consequently, for purposes of class certification, the trial court assumed that the proposed class would include "all persons in Pennsylvania who paid a late fee to the Defendant from 1997, to the date of the certification." Trial Court Opinion, 2/27/01, at 4. However, the trial court erroneously assumed that Appellant redefined the pro-

¶ 7 The trial court denied class certification on the basis that Appellant had failed to meet his burden of establishing the requisite numerosity, commonality, and typicality necessary for the matter to proceed as a class action. The trial court further found that Appellant had not established that a class action is a fair and efficient method of adjudicating this case because common issues did not predominate over individual issues.

¶ 8 On appeal, Appellant raises the following questions for our review: (1) whether the trial court abused its discretion by holding an evidentiary hearing; (2) whether the trial court abused its discretion by admitting evidence at the certification hearing not previously disclosed to Appellant; (3) whether the trial court abused its discretion in determining that Appellant had failed to demonstrate the requirements of numerosity, commonality, and typicality for class certification; and (4) whether the trial court abused its discretion in determining that Appellant had failed to demonstrate that a class action is a fair and efficient method of adjudicating the controversy at issue.

■ ¶ 9 Initially, we note that the trial court did not err in holding an evidentiary hearing for purposes of deciding Appellant's motion for class certification. Pennsylvania Rule of Civil Procedure 1707 provides:

(a) Within thirty (30) days after the pleadings are closed or within thirty (30) days after the last required pleading was due, the plaintiff shall move that the action be certified as a class action. The court may extend the time for cause shown. If the plaintiff fails to move for certification, the court if so notified shall promptly set a date for a certification hearing.

(b) The court may postpone the hearing to a later date pending the disposition of other motions or to permit discovery with respect to the class action issues.

(c) The hearing shall be limited to the Class Action Allegations. In determining whether to certify the action as a class action the court shall consider all relevant testimony, depositions, admissions and other evidence.

Pa.R.C.P. 1707. The very language of the above-cited rule dictates that, in all class actions, a hearing to determine certification is required. *Volpe v. Union Fidelity Life Ins. Co.,* 352 Pa.Super. 320, 507 A.2d 1250 (1986). *See Cribb v. United Health Clubs, Inc.,* 336 Pa.Super. 479, 485 A.2d 1182, 1185 (1985) ("Appellants received a full certification hearing as required by the rules of civil procedure...."). Moreover, the need for a hearing is embodied in the explanatory note following the rule which states: "A hearing on certification of the action as a class action is *mandatory* in all cases." (Emphasis added). Pa.R.C.P. 1707, Explanatory Note. We find, therefore, that the trial court acted appropriately in holding an evidentiary hearing pursuant to Rule 1707.

■ ¶ 10 We next turn to the issue of whether the trial court abused its discretion in determining that Appellant failed to

posed class at the evidentiary hearing to include all subscribers who paid a late fee *from 1997 forward.* Our review of the record reveals that while Appellant agreed that Appellee had unified billing policies and practices from 1997 forward, Appellant maintained that such uniformity was present as early as 1989.

Appellant maintained that the appropriate class for certification should consist of "... all persons in Pennsylvania who paid a late fee from October 10, 1991, forward to the date of the class certification." N.T. Class Certification Hearing, 3/8/00, at 5–11.

demonstrate the requirements for class certification, and further failed to demonstrate that a class action is a fair and efficient method of adjudicating the controversy at issue. In this regard, we note that a lower court's order denying class certification will not be disturbed on appeal unless the court neglected to consider the requirements of the rules governing class certification, or unless the court abused its discretion in applying the class certification rules. *Weinberg v. Sun Co., Inc.,* 740 A.2d 1152 (Pa.Super.1999); *DiLucido v. Terminix Int'l,* 450 Pa.Super. 393, 676 A.2d 1237 (1996). The five class certification requirements are found at Pennsylvania Rule of Civil Procedure 1702:

> One or more members of a class may sue or be sued as representative parties on behalf of all members in a class action only if
>
> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;
>
> (4) the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709; and
>
> (5) a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708.

Pa.R.C.P. 1702.

In determining whether the above criteria has been satisfied, trial courts are vested with broad discretion in making such decisions. *Weinberg,* 740 A.2d at 1162 (citing *Klemow v. Time, Inc.,* 466 Pa. 189, 197, 352 A.2d 12, 16, (1976); *Prime Meats v. Yochim,* 422 Pa.Super.

460, 619 A.2d 769, 773 (1993)). We further recognize that decisions in favor of maintaining a class action should be liberally made. *D'Amelio v. Blue Cross of Lehigh Valley,* 347 Pa.Super. 441, 500 A.2d 1137 (1985); *Bell v. Beneficial Consumer Disc. Co.,* 241 Pa.Super. 192, 360 A.2d 681 (1976) (class action rules enable assertion of claims that would otherwise not be litigated).

¶ 11 At a class certification hearing, the burden of proof lies with the proponent but, this being a preliminary hearing, it is not a heavy burden. *Janicik v. Prudential Ins. Co.,* 305 Pa.Super. 120, 451 A.2d 451 (1982). The proponent need only present evidence sufficient to make out a *prima facie* case "from which the court can conclude that the five class certification requirements are met." *Id.* at 455. It is clear in Pennsylvania that Appellant's burden to establish the prerequisites for class certification is not a heavy one. *Cambanis v. Nationwide Ins. Co.,* 348 Pa.Super. 41, 501 A.2d 635 (1985). It is the strong and oft-repeated policy of this Commonwealth that, in applying the rules for class certification, decisions should be made liberally and in favor of maintaining a class action. *Weinberg,* 740 A.2d at 1162.

¶ 12 Despite having broad discretion and liberal license, Rule 1707 does limit the court's inquiries at the certification hearing:

> The hearing is confined to a consideration of the class action allegations and is not concerned with the merits of the controversy or with attacks on the other averments of the complaint. Its only purpose is to decide whether the action shall continue as a class action or as an action with individual parties only. In a sense, it is designed to decide who shall be the parties to the action and nothing more. Viewed in this manner, it is clear

that the merits of the action and the right of the plaintiff to recover are to be excluded from consideration.

Pa.R.C.P. 1707, Explanatory Note; *See Cavanaugh v. Allegheny Ludlum Steel Corp.*, 364 Pa.Super. 437, 528 A.2d 236 (1987) (holding that the trial court improperly examined the merits of the litigation itself instead of focusing on the factors relevant to class certification and vacated the order denying class certification).

¶ 13 Given this context, we will enumerate the factors we considered in reversing the trial court's decision.

### 1. Numerosity.

¶ 14 Appellant purports to represent a class of subscribers of Appellee's cable services uniformly subjected to illegal late fee and billing policies. To be eligible for certification, Appellant must demonstrate that the class is "so numerous that joinder of all members is impracticable." Pa.R.C.P. 1702(1). A class is sufficiently numerous when "the number of potential individual plaintiffs would pose a grave imposition on the resources of the court and an unnecessary drain on the energies and resources of the litigants should plaintiffs sue individually." *Temple University v. Pa. Dept. of Public Welfare*, 30 Pa.Cmwlth. 595, 374 A.2d 991, 996 (1977) (123 members sufficient);[4] *ABC Sewer Cleaning Co. v. Bell of Pa.*, 293 Pa.Super. 219, 438 A.2d 616 (1981) (250 members sufficient); *Ablin, Inc. v. Bell Tel. Co. of Pa.*, 291 Pa.Super. 40, 435 A.2d 208 (1981) (204 plaintiffs sufficiently numerous). Appellant need not plead or

prove the actual number of class members, so long as he is able to "define the class with some precision" and provide "sufficient indicia to the court that more members exist than it would be practicable to join." *Janicik*, 451 A.2d at 456.

¶ 15 Appellee contends, and the trial court agreed, that Appellant's proposed class fails to satisfy the numerosity requirement for class certification because Appellee is not capable of identifying the total number of subscribers who actually paid late fees during the proposed period of time, thereby rendering Appellant's defined class "overbroad." Appellee's Brief at 26. Appellee claims that identifying such subscribers would require a manual search of a voluminous amount of documents and that its computer system is not capable of identifying such information. From this argument, the trial court concluded that "it would be necessary to delve into individual circumstances surrounding each delinquent customer's payment history, thereby destroying numerosity." *Id.* at 8.[5] We disagree.

¶ 16 The record reveals that Appellee has approximately 600,000 Pennsylvania subscribers and that the number of late fee transactions *each year* during the proposed class period (1991 forward) exceeded 720,000. While we acknowledge that some late fee assessments could have been made to the same subscriber in any given year, we are satisfied that Appellant has established a proposed class with a magnitude sufficiently numerous that joinder of all its members would be impracticable.

---

4. We note that while this Court is not bound by decisions of the Commonwealth Court, we have previously adopted the reasoning applied in *Temple University v. Pa. Dept. of Public Welfare*. *See Janicik v. Prudential Ins. Co.*, 305 Pa.Super. 120, 451 A.2d 451, 456 (1982); *Ablin, Inc. v. Bell Tel. Co. of Pa.*, 291 Pa.Super. 40, 435 A.2d 208, 214 n. 5 (1981).

5. The trial court acknowledged, however, that "there would likely be more members [in Appellant's proposed class] than would be practicable to join." Trial Court Opinion, 2/27/01, at 7–8.

¶ 17 Further, although Appellee claims that it does not have the ability to calculate the total number of subscribers who actually paid a late fee, such administrative difficulties do not defeat numerosity in this case. In fact, the record reveals that most, if not all, of the information Appellee describes as "impossible to determine" exists and can be found in at least two sources. Appellee's Brief at 24. First, Appellee admittedly possesses numerous boxes of archived records revealing the identity of subscribers who paid late fees during the proposed class period. Second, from 1997 onward, Appellee admittedly possessed a new computer system capable of tracking such information. Thus, Appellee has the means of determining the late fees paid by its Pennsylvania subscribers from 1991 onward, albeit inconvenient and tedious work. Nevertheless, the administrative difficulties associated with identifying subscribers who actually paid late fee assessments does not defeat numerosity but more appropriately addresses future management of the class. Since identification of potential class members can be made, the trial court abused its discretion in finding that Appellant had failed to establish the numerosity requirement for class certification.[6]

2. Commonality.

¶ 18 For class certification, Appellant must establish that his claim presents "questions of law or fact common to the class." Pa.R.C.P. 1702(2). "The common question of fact means precisely that the facts must be substantially the same so that proof as to one claimant would be proof as to all." *Allegheny County Housing Auth. v. Berry*, 338 Pa.Super. 338, 487 A.2d 995, 997 (1985); *Cook v. Highland Water and Sewer Auth.*, 108 Pa.Cmwlth. 222, 530 A.2d 499, 504 (1987).[7] "While the existence of individual questions essential to a class member's recovery is not necessarily fatal to the class, there must be a predominance of common issues shared by all class members which can be justly resolved in a single proceeding." *Weismer v. Beech–Nut Corp.*, 419 Pa.Super. 403, 615 A.2d 428, 431 (1992); *D'Amelio*, 500 A.2d at 1142; *Janicik*, 451 A.2d at 457. Moreover, claims arising from interpretations of a form contract generally give rise to common questions. *Janicik*, 451 A.2d at 457.

¶ 19 The trial court concluded that Appellant failed to meet the commonality requirement for class certification because different proof would be required for each putative class member. The trial court held that because Appellee is unable to determine from computer records which customers actually paid the late fee, inquiry into individual payment histories would be required. The trial court further held that determination of the reasonableness of Appellee's late fee could not be determined on an averaging basis because such reasonableness is driven by the varied and specific payment profiles of each delinquent customer. We reject the reasoning

---

6. Moreover, class members can assert a single common complaint even if they have not all suffered actual injury; demonstrating that all class members are subject to the same harm will suffice. *Baby Neal v. Casey*, 43 F.3d 48 (3d Cir.1994) (citing *Hassine v. Jeffes*, 846 F.2d 169 (3d Cir.1988)) (finding constitutional violation in prisoners' being subject to constant threat of violence and sexual assault and rejecting contention that plaintiff must actually be assaulted before obtaining relief).

7. We note that while this Court is not bound by decisions of the Commonwealth Court, we have previously adopted the reasoning applied in *Cook v. Highland Water and Sewer Auth. See Weinberg v. Sun Co., Inc.*, 740 A.2d 1152, 1175 (Pa.Super.1999); *Weismer v. Beech–Nut Corp.*, 419 Pa.Super. 403, 615 A.2d 428, 431 (1992).

of the trial court for the reasons that follow.

¶ 20 First, the trial court's conclusion that Appellee could not identify customers who actually paid the late fee is factually incorrect as explained above under the numerosity requirement. Second, instead of focusing on Appellant's obligation to establish the commonality requirement of class certification, the trial court improperly examined and relied upon the merits of the litigation itself, namely, the reasonableness of Appellee's late fee policy. The rationale underlying the trial court's determination is premised upon an analysis of proof necessary to establish the reasonableness of Appellee's late fee policy and not upon a preponderance of common questions of fact or law. In rejecting the commonality requirement, the trial court stated that "to determine whether a late fee is reasonable, one must compare the cost to the cable company of collecting delinquent payments with the revenue derived from such payments. However … one cannot determine this on an averaging basis because the costs of collection to a cable company are quite varied and that variance is driven by the varied and specific payment profile of each delinquent customer…." Trial Court Opinion, 2/27/01, at 8. Thus, the trial court confused the elements of proof necessary to establish class certification with the elements of proof necessary to establish the merits of the case. This was an abuse of the trial court's discretion. *See Cavanaugh, supra* (finding the lower court erroneously equated the proof required to show a preponderance of common questions of fact or

law with the burden of proof required to prove liability).

¶ 21 The common issue affecting all class members in the instant case is Appellee's late fee policy.[8] Appellant's argument underlying his unliquidated damages claim is that the costs associated with the collection of late payments are not reasonably related to the fees charged by Appellee because Appellee failed to analyze and determine its costs prior to imposing them upon its subscribers. If Appellee did conduct such analysis and determination of the costs associated with collection of late payments, Appellant intends to show that the fees are unreasonable. Appellant's breach of contract claim is premised upon the same argument, that Appellee had an obligation to impose a reasonable late fee and failed to do so.[9] Liability on both of these claims can be proven by showing that Appellee never analyzed and determined actual costs associated with collection of late payments prior to imposing a standard late fee, or by showing that the late fee is unreasonable in relationship to those costs. Therefore, the primary common question of fact that must be determined for both claims of liability is whether Appellee calculated its costs prior to determining a late fee to impose upon its subscribers. Whether the late fee is reasonable is the ultimate legal question to be determined as a matter of law.

¶ 22 Some specific common questions relevant to the underlying litigation are (1) whether Appellee conducted a study to determine the costs incurred as a result of delinquent payments; (2) what are the

---

8. Our review of the record reveals that Appellee consistently maintained a $2.00 late fee policy from at least 1989 onward which was unaffected by minor and temporary differences in billing and collection policies that existed as Appellee acquired various regional systems and integrated them into one.

9. The record reveals that all subscribers entered into a form contract with Appellee and that the terms of the form contracts did not materially change during the proposed class period.

proper cost components of Appellee's late fee calculation; (3) what are Appellee's average costs per subscriber and are those costs disproportionate to the amount of the late fee. These issues can be answered on a class wide basis without delving into the payment histories of individual subscribers.

¶ 23 Appellant has met his burden of proving commonality by establishing that Appellee is capable of identifying most, if not all, members of the proposed class upon whom late fees were imposed, and by establishing that Appellee applied the same late fee uniformly to the proposed class. We find that the trial court confused liability and damages with commonality, thereby abusing its discretion.

3. Typicality.

■■■ ¶ 24 For class certification, Appellant must establish that his claims are typical of the claims of the proposed class. Pa.R.C.P. 1702(3). This factor requires that the class representative's overall position on the common issues is sufficiently aligned with that of the absent class members to ensure that his pursuit of his own interests will advance those of the proposed class members. *D'Amelio,* 500 A.2d at 1146; *Janicik,* 451 A.2d at 457.

■■■ ¶ 25 The trial court held that Appellant's claims are atypical of those of the proposed class members for two reasons: (1) he paid the late fee once and he paid it "immediately" after it was assessed; and (2) there were "possible, varied profiles of cable customers." Trial Court Opinion, 2/27/01, at 9. We believe that the trial court focused on evidence which may be essential to recovery by individual class

members, but not necessarily fatal to class certification. *See Weismer,* 615 A.2d at 431; *D'Amelio,* 500 A.2d at 1142; *Janicik,* 451 A.2d at 457.

¶ 26 Appellant's claims are typical of the proposed class because his claims focus on the common allegation that Appellee's late fee bears no reasonable relation to the damage caused by a subscriber's delinquent payment. Any factual differences between Appellant's claims and the claims of the class arise from one singular course of conduct, that is, Appellee's late fee policy, and all claims are based upon the same legal theories. *See Baby Neal,* 43 F.3d at 57–58 (primary purpose of the typicality inquiry is to ascertain that the interests of the class representative sufficiently comport with those of the proposed class to ensure fair representation of absentee class members). Regardless of the number of times Appellant was assessed a late fee, and regardless of the alleged different costs incurred by Appellee per subscriber, the focus of the underlying litigation is the reasonableness of the late fee policy and the failure of Appellee to determine whether the policy is reasonably related to its costs.[10] Individual damage determinations can be made at a separate phase of the trial but, as discussed earlier, the central factual and legal issues are capable of class wide resolution. Appellant has satisfied the typicality requirement.

4. Appellant will fairly and adequately assert and protect the interests of the class.

¶ 27 With respect to the issue of whether Appellant would fairly and adequately assert and protect the interests of the

---

**10.** Furthermore, we can find no factual basis in the record demonstrating how similar or dissimilar Appellant's payment history is to the payment history of the class as a whole. Thus, the trial court abused its discretion in

holding that Appellant's claims were atypical of the claims of the class. We will not find Appellant's claims dissimilar based upon speculation by the trial court.

class, the trial court held that Appellant would be an adequate representative, if it were inclined to certify the class on all requirements. Trial Court Opinion, 2/27/01, at 9.

    5. A fair and efficient method of adjudicating Appellant's claims.

¶ 28 Finally, in order to allow Appellant to proceed with adjudication of this suit as a class action, Appellant must establish that it is both fair and efficient to do so. The factors to be evaluated are set forth in Pa.R.C.P. 1708 as follows:

In determining whether a class action is a fair and efficient method of adjudicating the controversy, the court shall consider among other matters the criteria set forth [below].

(a) Where monetary recovery alone is sought, the court shall consider

(1) whether common questions of law or fact predominate over any question affecting only individual members;

(2) the size of the class and the difficulties likely to be encountered in the management of the action as a class action;

(3) whether the prosecution of separate actions by or against individual members of the class would create a risk of

(i) inconsistent or varying adjudications with respect to individual members of the class which would confront the party opposing the class with incompatible standards of conduct;

(ii) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;

(4) the extent and nature of any litigation already commenced by or against members of the class involving any of the same issues;

(5) whether the particular forum is appropriate for the litigation of the claims of the entire class;

(6) whether in view of the complexities of the issues or the expenses of litigation the separate claims of individual class members are insufficient in amount to support separate actions;

(7) whether it is likely that the amount which may be recovered by individual class members will be so small in relation to the expense and effort of administering the action as not to justify a class action.

Pa.R.C.P. 1708.

¶ 29 Finding that Appellant had failed to establish numerosity, commonality and typicality, the trial court did not analyze each of the above factors in denying Appellant's motion for class certification. Trial Court Opinion, 2/27/01, at 10. In light of our findings that Appellant has sustained his burden for class certification with respect to numerosity, commonality and typicality, our analysis of the factors enumerated above follows.

¶ 30 We find that common issues related to determining whether Appellee's late fee is a reasonable pre-estimate of actual costs predominate over the individual issues of Appellee's individual subscribers. As discussed earlier, we reject Appellee's argument that reasonableness must be determined subscriber by subscriber. We recognize that individual issues about each subscriber's actual costs could remain if it is ultimately decided that the late fee is unreasonable. However, it

is well established that questions as to the amount of individual damages will not preclude a class action.[11] *Cambanis*, 501 A.2d at 641; *Cook*, 530 A.2d at 504; *Weismer*, 615 A.2d at 431.

¶ 31 With respect to manageability, the claims of the proposed class would be manageable because members of the class can be identified through Appellee's records, as discussed earlier. Additionally, we will " . . . rely on the ingenuity and aid of counsel and upon [the trial court's] plenary authority to control the action to solve whatever management problems the litigation may bring." *Janicik*, 451 A.2d at 462.

¶ 32 Regarding the risk of inconsistent verdicts, the record does not indicate that other litigation has been commenced against Appellee involving the same issues raised by Appellant in his underlying civil action. However, this Court has previously stated that the risk of inconsistent verdicts is not essential to certifying the class but, "if they exist, they will be forceful arguments in support of approval of the class action." *Janicik*, 451 A.2d at 462–463 (citations and footnote omitted.); *Cambanis*, 501 A.2d at 641 (quoting *Janicik*).

¶ 33 Regarding the appropriate forum, we must determine whether there is "no one common pleas court which would be better to hear the action." *Cambanis*, 501 A.2d at 641 n. 19. As a result, we find that the Court of Common Pleas of Montgomery County is an appropriate forum for adjudication of Appellant's underlying claims. Our finding is based upon Appellee's business activities in Montgomery County, undisputed in the record, and the fact that the proposed class members reside in Pennsylvania, as well as Appellant's residency in Montgomery County. Furthermore, concentrating the action in this one forum promotes judicial economy.

¶ 34 We find that class certification is justified under Pa.R.C.P. 1708(a)(6). Due to the complexities of issues and expected expenses, it is unlikely that individual class members could support separate actions.

¶ 35 Finally, Appellee argues that the amount that may be recovered by individual class members will be so small as not to justify a class action. We disagree. Although the amounts of individual claims may be small in and of themselves, the aggregate amount of claims and potential individual recovery for class members is sufficient in amount to justify discovery expenses and requisite notice. This Court has previously noted that " . . . in determining whether the requirement of Rule 1708(a)(7) is satisfied, one does not view the potential recovery by itself. Rather, the rule requires a consideration of whether the potential expenses and effort of administering the action would render the amount of recovery so small that a class action would not be justified." *Kelly v. County of Allegheny*, 519 Pa. 213, 221, 546 A.2d 608, 612 (1988). "In many consumer class actions the individual amounts may be very small, but the aggregate may be large and maintenance of the class action might have a deterrent effect on future violations by the defendant." Pa.R.C.P. 1708, Explanatory Note. Assuming that class membership could exceed 600,000 in this case, and recovery by individual class members could be as low as $2.00, the aggregate potential claim would be $1.2 million. Thus, class certification is more than warranted under the instant facts.

¶ 36 In summary, we find that allowing this case to proceed as a class action provides a fair and efficient method of adjudi-

---

11. The record reveals that both parties' experts testified that it is possible to use an average cost methodology to determine damages. N.T. Certification Hearing, 3/8/00, at 95–97, 214.

cation of the controversy under the criteria set forth in Pa.R.C.P. 1708.

¶ 37 Finally, in light of the above analysis and our finding that Appellant has sustained his burden for class certification, we need not address the merits of the discovery issue regarding the admission of certain documents at the evidentiary hearing not previously disclosed to Appellant.

¶ 38 After carefully reviewing the entire record and after allowing appropriate deference to the trial court's decision, we hold that there was an abuse of discretion in this case. Accordingly, we reverse the trial court's order denying class certification and find that Appellant has sustained his burden for class certification.

¶ 39 Reversed and remanded. Jurisdiction relinquished.