J-A23011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KATHLEEN M. THIEL AND JENNA GRUBER, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : : | |
| v. | : : : | No. 973 EDA 2017 |
| PENNSYLVANIA LEADERSHIP CHARTER SCHOOL AND JAMES HANAK | : : : | |

Appeal from the Order Entered February 13, 2017
In the Court of Common Pleas of Chester County
Civil Division at No(s): 14-05749

BEFORE:   PANELLA, J., DUBOW, J., and FITZGERALD*, J.

MEMORANDUM BY PANELLA, J.                    **FILED DECEMBER 14, 2017**

Appellants appeal from the order entered in the Court of Common Pleas of Chester County, denying their motion for class certification. Because we find the trial court correctly determined that Appellants and their proposed class members lacked the commonality and typicality necessary to certify a class, we affirm.

Appellants are two named plaintiffs, Kathleen M. Thiel and Jenna Gruber, who initiated a class action suit on behalf of themselves and others similarly situated. Appellants were teachers at the Pennsylvania Leadership Charter School ("PLCS"), a cyber-charter school. Thiel taught at the school

_____

*   Former Justice specially assigned to the Superior Court.

from fall 2009 to spring 2013; Gruber was employed at the school from fall 2009 to fall 2013. Appellee James Hanak is the CEO of PLCS.

The subject of Appellants' class-action suit is PLCS's bonus program. During Appellants' tenure, PLCS offered an annual bonus plan. Only full-time faculty members were eligible for a bonus, of up to 10% of their annual salary. The employee manual noted the bonus program was discretionary, and based on "whether [PLCS] and/or the employee achieve certain pre-determined benchmarks" as well as "a number of factors such as [PLCS's] financial condition, the economy, etc." Exhibit B of Appellants' Amended Memorandum of Law, filed 11/30/16, at 17. If awarded, each annual bonus was to be paid out at the start of the following school year. Though the school's board approved bonuses for school years 2008-2009, 2009-2010, and 2010-2011, PLCS did not pay Appellants bonuses during their tenure at the school.[1]

Appellants filed a complaint against PLCS alleging breach of contract, as well as wage payment and collections law claims spanning from 2008 through 2012. The complaint alleged at the time they were hired, Hanak guaranteed the bonuses were a nondiscretionary part of their compensation package. In the complaint, Appellants purported to be members of a larger class of affected PLCS employees. Appellants then filed a motion for class certification, asserting their claims fulfilled the class action requirements of Pa.R.C.P. 1702.

_____

[1] The record also indicates that between 2014 and 2016, PLCS paid a bonus of 5% of each eligible teacher's base salary for the school years 2009-2010 and 2010-2011.

The putative class included: "All individuals who were employed as salaried employees by the Pennsylvania Leadership Charter School for the academic school years from 2008-2009 through 2011-2012 and did not receive a bonus of 10% of their base salary for any of those years within the period of the next academic year."

Appellees submitted a memorandum of law opposing class certification. The court denied class certification, reasoning Appellants failed to establish commonality and typicality between their claims and those of the rest of the class. Appellants' appeal is now properly before us.[2]

Appellants argue they sufficiently demonstrated commonality because their claims all arise from PLCS's nonpayment of bonuses. Appellants indicate that Hanak, as a representative of PLCS, explicitly promised them bonuses in their interviews. Appellants concede other members of the proposed class cannot recall if they were promised such bonuses, and still others are certain no such promises were made. Curiously, Appellants maintain these alleged promises made by PLCS would not alter the outcome of individual cases, if litigated separately. Thus, Appellants posit evidence of the promises made to some proposed class members cannot defeat class certification. We disagree.

_____

[2] Typically, an order denying class certification is appealable under the collateral order doctrine because the order is separable from the cause of action for liability, as the class certification issue is unrelated to the underlying merits of the action. **See McGrogan v. First Commonwealth Bank**, 74 A.3d 1063, 1079 (Pa. Super. 2013).

"[A] lower court's order denying class certification will not be disturbed on appeal unless the court neglected to consider the requirements of the rules governing class certification, or unless the court abused its discretion in applying the class certification rules." ***Baldassari v. Suburban Cable TV Co., Inc.***, 808 A.2d 184, 189 (Pa. Super. 2002) (citation omitted). In determining whether to certify a class, a trial court should not evaluate the underlying merits of the claim. ***See Samuel-Bassett v. Kia Motors America, Inc.***, 34 A.3d 1, 16 (Pa. 2011).

To certify a proposed class, the Pennsylvania Rules of Civil Procedure require the petitioning party to show: the class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the class; the claims or defenses of the representative parties are typical of the claims or defenses of the class; the representative parties will fairly and adequately assert and protect the interests of the class; and the class action provides a fair and efficient method for adjudication of the controversy. ***See*** Pa.R.C.P. 1702.

"If a plaintiff can prove reliance and/or causation in an individual action *with the same evidence* offered to show class-wide reliance and/or causation, then the issue is one of law and fact common to the class." ***Clark v. Pfizer Inc.***, 990 A.2d 17, 27 (Pa. Super. 2010) (citation omitted) (emphasis supplied). Where class members can directly trace their legal grievances to the same course of conduct by the party opponent, common questions of law and fact exist. ***See id***.

"Among the [] criteria for determining whether the class action is a fair and efficient method of adjudication is whether [the] common questions of law or fact predominate over any question affecting only individual members." **Samuel-Bassett**, 34 A.3d at 16 (citation and internal quotations omitted). "If … each question of disputed fact has a different origin, a different manner of proof and to which there are different defenses, we cannot consider them to be common questions of fact within the meaning of Pa.R.C.P. 1702." **Eisen v. Independence Blue Cross**, 839 A.2d 369, 372 (Pa. Super. 2003) (citation omitted).

A putative class representative must also establish that his claims are typical of the claims of the proposed class. **See Baldassari**, 808 A.2d at 193. "The purpose of the typicality inquiry is to determine whether the class representative's overall position on the common issues is sufficiently aligned with that of the absent class members to ensure that her pursuit of her own interests will advance those of the proposed class members." **Clark**, 990 A.2d at 24-25 (citation omitted). Typicality exists if the class representative's claims develop from the same course of conduct and involve the same legal theories as those of other proposed class members. **See Samuel-Bassett**, 34 A.3d at 31.

In their complaint, Appellants allege Hanak, on behalf of PLCS, promised them bonuses in their initial interviews. **See** Class Action Complaint, filed 6/19/14, at 4. Appellants' initial complaint implies all proposed class members were also orally promised a bonus. However, subsequent filings and

depositions indicate this is inaccurate. Indeed, on appeal Appellants instead argue the oral promises made to some members of the proposed class are unrelated to the central issue of recovery. According to Appellants, the trial court misunderstood the theory of their case and should not have considered the oral promises when looking at the commonality of the claims. Appellants concede they plan to offer evidence of Hanak's oral promises regarding the bonus, but counter oral promises constitute weak and unpersuasive evidence.

In so arguing, Appellants ask this Court to evaluate the underlying merits of their proffered evidence about Hanak in deciding whether the court erred by denying class certification. This we decline to do. *See Samuel-Bassett*, 34 A.3d at 16. Appellants' alleged evidence that Hanak guaranteed them bonuses in their interviews cannot be used to prove other putative class members, to whom Hanak did not make such promises, are also owed bonuses. The other proposed class members cannot trace their legal grievances to Hanak's alleged conduct in their interviews. They instead rely primarily on the employee manual, which specifically states bonuses are discretionary, to prove their case against Appellees. Where the other class members cannot prove reliance or causation in their individual action using the same evidence as Appellants, no common question of law and fact exists. *See Clark*, 990 A.2d at 27. Thus, the court properly denied class certification based on lack of commonality between proposed class members.

The court also found Appellants' claims were not typical of the proposed class. As both parties note, the bonuses were awarded each school year. Even

assuming the bonus program during the 2008-2009 school year was identical to that of later years and Appellees are found to owe bonus payments to employees, Appellants acknowledge they did not work at PLCS during that school year. Thus, Appellants could not recover a bonus for that year even if they were successful at trial. Since Appellants have no ability to recover payments for that period, their position on the issue of bonus payments for the 2008-2009 school year is not aligned with members of the proposed class. Pursuit of their own claims will not advance those of proposed class members who may be owed bonuses for the 2008-2009 school year. *See Samuel-Bassett*, 34 A.3d at 31. Consequently, the trial court also properly denied class certification on the issue of typicality.

We find the trial court correctly denied class certification, and Appellants are not entitled to relief. Accordingly, we affirm the trial court's order.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/14/2017