J-S18005-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PAUL LIGGIO, O/B/O THE LIGGIO 1999 REVOCABLE TRUST, FOR HIMSELF AND OTHERS SIMILARLY SITUATED | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : : | No. 266 EDA 2021 |
| ASSOCIATION MANAGEMENT CONSULTANTS CORP., CIPRESSI CONTRACTING, INC., AND ESTATES CHIMNEY & FIREPLACE LLC | : : : : : | |

Appeal from the Order Entered December 10, 2020
In the Court of Common Pleas of Bucks County
Civil Division at No(s):  No. 2019-03453

BEFORE:   PANELLA, P.J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:          **FILED NOVEMBER 19, 2021**

Paul Liggio, o/b/o The Liggio 1999 Revocable Trust ("Appellant"), appeals from the order entered in the Bucks County Court of Common Pleas, denying his motion for class certification. Because we agree the trial court correctly determined that Appellant failed to prove the criteria necessary to certify a class, we affirm.

The essential facts of this matter are largely undisputed. Huntingdon Brook Community ("HBC") is a residential townhome and condominium

_____

[*] Retired Senior Judge assigned to the Superior Court.

community located in Southampton, Bucks County, Pennsylvania, consisting of approximately 262 units. HBC is collectively managed by a homeowners' association, the Huntingdon Brook Community Association ("the HOA"). The HOA contracted with Association Management Consultants Corp. ("AMCC") to oversee and manage a project for replacing the siding and gutter systems in HBC. As part of that project, AMCC contracted with Cipressi Contracting, Inc. ("Cipressi"), to replace the caps on the chimneys at HBC. Cipressi then subcontracted the project to Estates Chimney & Fireplace, LLC ("Estates Chimney").

On October 31, 2018, Estates Chimney sent a letter to the HOA, indicating it had inspected 207 chimneys and replaced the caps on 231 chimneys. Estates Chimney further indicated in the letter that more than half of the chimneys failed inspection and were unsafe to use because they were built in violation of code, as they lacked fire stops. Estates Chimney indicated every chimney in HBC was unsafe for use. The letter was also mailed to all HBC residents.

On May 9, 2019, Appellant filed a collective and class action complaint against AMCC and Estates Chimney, alleging that Estates Chimney had caused permanent damage to the chimney and fireplace systems of the homes located in HBC. In addition, Appellant alleged that AMCC had breached its fiduciary duty to the homeowners and acted negligently in hiring Estates Chimney to

perform the work on the chimneys. In February 2020, Cipressi was joined as an additional defendant.

Estates Chimney denied that it had damaged the chimneys, and further, asserted that it had no contractual or fiduciary relationship with Appellant or any homeowner. Estates Chimney reiterated its belief that chimneys had been improperly installed during the original construction of the homes. AMCC similarly denied that the work done by Estates Chimney had caused any damage to the homes.

On October 14, 2020, Appellant filed a motion for class certification. Appellant's motion sought to certify a class consisting of all current and future HBC homeowners, and alleged that the work done on the replacement caps was done negligently.

On November 30, 2020, a certification hearing was held. Appellant did not present any evidence at the hearing, instead advising the court that he intended to rest solely on the facts as presented in the pleadings.[1] On December 9, 2020, the court denied the motion for certification, based on consideration of the arguments presented at the hearing, the pleadings, and the submissions of the parties. This appeal followed.

_____

[1] Of note, the certified record is devoid of a transcript from the certification hearing. As such, we are unable to confirm exactly what was said at the hearing. However, it appears Appellant does not contest the fact that he did not present any additional evidence at the hearing, and believes he presented sufficient evidence through the pleadings alone.

"[A] lower court's order denying class certification will not be disturbed on appeal unless the court neglected to consider the requirements of the rules governing class certification, or unless the court abused its discretion in applying the class certification rules." ***Baldassari v. Suburban Cable TV Co., Inc.***, 808 A.2d 184, 189 (Pa. Super. 2002) (citation omitted). In determining whether to certify a class, a trial court should not evaluate the underlying merits of the claim. ***See Samuel-Bassett v. Kia Motors America, Inc.***, 34 A.3d 1, 16 (Pa. 2011).

To certify a proposed class, the Pennsylvania Rules of Civil Procedure require the petitioning party to show: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (4) the representative parties will fairly and adequately assert and protect the interests of the class; and (5) the class action provides a fair and efficient method for adjudication of the controversy. ***See*** Pa.R.C.P. 1702.

> It is well established law that the party seeking certification bears the burden of proving that the matter is maintainable as a class action. … The policy of our Commonwealth in regard to class certification is that decisions in favor of maintaining a class action should be liberally made.
>
> Once the pleadings are concluded, the party moving for class certification must present evidence at the certification hearing, establishing that the five prerequisites have been met. Due to the overlapping and interrelated nature of the five prerequisites, the moving party may satisfy his burden by proving sufficient facts

from which the court can properly determine that each of the five prerequisites have been met.

Allegations pleaded by the class proponent, if admitted by the opposing parties, may be considered as evidence at the class certification hearing. After the proponent establishes a prima facie case for certification, the class opponent shoulders the burden, which has shifted, of coming forward with contrary evidence challenging the prima facie case. Where there is an actual conflict on an essential fact, the class proponent bears the risk of non-persuasion.

*D'Amelio v. Blue Cross of Lehigh Valley*, 500 A.2d 1137, 1141 (Pa. Super. 1985) (citations and internal quotation marks omitted).

Here, a review of the briefs from both parties, as well as the certified record, shows there exists a real conflict in the facts presented by each side and that Appellees have not admitted to the essential facts at issue. Therefore, the burden remained on Appellant to establish the Rule 1702 prerequisites for class certification. *See Samuel-Bassett v. Kia Motors American*, Inc., 34 A.3d 1, 16-17 (Pa. 2011) ("it is essential that the proponent of the class establish requisite underlying facts sufficient to persuade the court that the Rule 1702 prerequisites were met").

The trial court found Appellant had not met his burden here. In reaching this conclusion, the trial court emphasized that Appellant relied solely on his pleadings and did not present any new evidence at the certification hearing. The court then addressed each of the five factors listed in Rule 1702.

First, the trial court noted it was possible the numerosity requirement may have been met, but based on the insufficient evidence presented to the

court, it was left guessing how many class members may be involved. ***See*** Trial Court Decision, 12/10/2020, at 7-8. The court described the deficiencies in the evidence:

> The only evidence presented was that one other potential class member had filed a separate claim for the same cause of action … Appellant did not know how many other potential class members there would be, but it could be up to approximately 262 class members based on the total number of units… It would be unreasonable for the Court to presume that every unit at HBC is a potential member of the class without more evidence.

Trial Court Opinion, 3/11/2021, at 8.

Second, with respect to commonality, the trial court found Appellant failed to provide evidence of common questions of law or fact among potential class members, as there was no evidence presented that each chimney had been treated similarly over the years since they were originally built. ***See*** Trial Court Decision, 12/10/2020, at 8-10. While Appellant had baldly asserted that Appellee's actions were identical with respect to every home in the community, he did not present any evidence to show this. The court found there was no evidence provided that each cap was replaced identically, or that the chimneys failed inspection as a result of the replacement cap installation. Further, the court noted that it was possible that some homeowners had installed gas fireplaces or otherwise modified their chimneys over the years:

> The chimneys have been in these homes since the 1980s, and there was no evidence presented showing that each chimney had been treated similarly over the years. In fact, Appellant agrees that "some of the homes likely have chimneys that have been re-fitted for gas inserts, while others have remained wood burning as originally installed." [citation to Appellant's brief in support of

motion to reconsider]. Appellant also asserts that the Appellees' actions "were identical" with respect to each and every home in the community, and that Appellees "have admitted every cap was replaced." But, Appellant did not present evidence that the Appellees' actions were identical and that each of the caps was replaced identically. The Court cannot infer that chimney cap replacement is the same for original wood burning stoves as those that have been re-fitted for gas inserts.

Trial Court Opinion, 3/11/2021, at 9-10.

With respect to typicality, the court found Appellant failed to provide sufficient evidence that his claims or defenses were typical of the class. *See* Trial Court Decision, 12/10/2020, at 10-11. Appellant presented the overall issue as whether Appellees' actions caused damage to the chimneys in the community. In presenting this as the issue, Appellant admitted that the condition of each chimney was different prior to the work at issue, but contended that fact was irrelevant. The court found Appellant failed to present any evidence that the undeniable differences in the chimney conditions was in fact irrelevant to whether what Appellees did caused damage. The court noted Appellant did not show any evidence the work done was even the same for every unit. *See* Trial Court Opinion, 3/11/2021, at 10-11.

With regard to the adequacy of representation prong, the trial court concluded that Appellant did not present sufficient evidence of either the adequacy of the financial resources of counsel or the adequacy of the ability to represent a class. *See id*. at 11-14. In highlighting the insufficient evidence presented for this prong, the court noted that Appellant's counsel worked for a smaller firm and had no previous experience with class actions.

- 7 -

Finally, the court found Appellant did not meet his burden of establishing facts necessary to show fairness and efficiency would be met through class action. *See id*. at 14-20.

While we acknowledge that the policy of this Commonwealth is "decisions in favor of maintaining a class action should be liberally made," we simply cannot grant relief where it is clear from the record that Appellant failed to meet his burden of proof in seeking class certification. *Janicik v. Prudential Insurance Co.,* 451 A.2d 451, 454 (Pa. Super. 1982) (citations omitted). A review of the complaint and motion for certification shows that Appellant merely mirrored the language of the Rule 1702 prerequisites without any actual evidence to prove each prerequisite. Simply put, Appellant made numerous conclusory assertions without any evidence to prove those assertions, even to meet the admittedly low bar necessary for certification.

Appellant contends the trial court abused its discretion in holding that all of the prerequisites for class certification were not met. We disagree. We have reviewed the record and find no abuse of discretion in the trial court's decision. While the trial court more than sufficiently addressed each individual prerequisite, we find the overall theme was that Appellant plainly did not provide enough evidence for any prerequisite to overcome the burden required. Further, Rule 1702 is written in the conjunctive, meaning that in order to obtain class action status, *all* prerequisites must be met. Therefore, failure to meet even one of the prerequisites is enough to deny class

certification. We therefore only address one prerequisite that Appellant failed to reach.

Appellant contends there are sufficient common questions of law and fact to warrant class certification. We disagree.

> While the existence of individual questions of fact is not necessarily fatal, it is essential that there be a *predominance* of common issues, shared by all the class members, which can be justly resolved in a single proceeding. In determining *liability,* this court has stated that "the common question of fact" means precisely that—the facts surrounding each plaintiff's claim must be substantially the same so that proof as to one claimant would be proof as to all.
>
> There is a significant difference, however, between individual factual questions regarding *damages* and individual questions of fact concerning *liability.* Once a common source of liability has been clearly identified, varying amounts of *damages* among the plaintiffs will not preclude class certification. However, where there exist various intervening and possibly superseding causes of damage, liability cannot be determined on a class-wide basis.

***Weismer by Weismer v. Beech-Nut Nutrition Corp.***, 615 A.2d 428, 431 (Pa. Super. 1992).

Here, we cannot fault the trial court for concluding there are various possible intervening or superseding causes of the fireplaces being inoperable. There is no dispute that the fireplaces have been in the homes since the 1980s. Therefore, it is extremely likely that each fireplace/chimney has been treated differently over the chimney's lifetime. No evidence was presented to show the condition of each chimney before installation of the caps or after. Appellant himself admits that some of the homes have been re-fitted for gas inserts, while others remained as wood-burning fireplaces.

While Appellant boldly asserts Appellees' actions were identical with respect to every home in HBC, there was simply no evidence to support this claim. Appellant had access to such possible evidence, as he attached portions of an inspection from a rival chimney contractor to its complaint. ***See*** Complaint, 5/9/2019, at ¶ 19; Exhibit "C". Every cap may have been replaced, but there is no way of knowing if every cap was replaced identically for each individual chimney. As the trial court notes, it "cannot infer that chimney cap replacement is the same for original wood burning stoves as those that have been re-fitted for gas inserts." Trial Court Opinion, 3/11/2021, at 10.

Critical issues such as condition of the chimneys, prior work done on each chimney, and whether each chimney was usable prior to the cap replacement varies by each homeowner in the HBC and, consequently, would require individual inquiry. Appellant was not required to poll every single homeowner, but the complete lack of evidence regarding commonality of claims provided the trial court with no basis upon which to evaluate the issue. The court did not err or abuse its discretion in concluding liability could not be determined on a class-wide basis. Accordingly, the court properly concluded Appellant had failed to establish commonality of claims in the proposed class.

We have reviewed the certified record and see no abuse of discretion in the trial court's conclusion. We, therefore, affirm the order denying the motion for class certification.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/19/2021</u>