485 A.2d 1182

**Christina CRIBB, Carolyn Battle, Veronica Ricks, John Watkins, on behalf of themselves and all others similarly situated and Carol Dantzler, Proposed Intervenor, Appellants,**

v.

**UNITED HEALTH CLUBS INCORPORATED, and National Credit Corporation.**

Superior Court of Pennsylvania.

Argued Sept. 13, 1984.

Filed Dec. 12, 1984.

Reargument Denied Jan. 28, 1985.

Petition for Allowance of Appeal Denied June 17, 1985.

480

Theodore Clattenburg, Jr., Philadelphia, for appellants.
Robert W. Maris, Philadelphia, for appellees.

Before McEWEN, DEL SOLE and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from the June 8, 1983 Order of the Court of Common Pleas of Philadelphia County denying appellants' Motion for Class Certification. We affirm.

Appellants, Christina Cribb, Carolyn Battle, Veronica Ricks and John Watkins, filed a class action complaint in equity against appellees, United Health Clubs, Inc. ("United") and National Credit Corp. ("National"). United operates health spa facilities and National serves as United's collection agency for spa memberships purchased on credit terms. The Complaint contained three counts alleging: 1)

violation of the Federal Truth-In-Lending Act and Regulations; 2) violation of the Pennsylvania Goods and Services Installment Sales Act (GSISA) and, the Pennsylvania Usury Law; and 3) violations of the Pennsylvania Unfair Trade Practices Act. After a hearing on the issue of class certification, the trial court issued an order denying such and this appeal followed.

■ A decision concerning class certification is a mixed finding of law and fact. The trial court's order in such cases will not be disturbed on appeal unless there was a failure to consider the requirements for certification or an abuse of discretion. *ABC Sewer Cleaning Co. v. Bell of Pennsylvania*, 293 Pa.Super. 219, 438 A.2d 616 (1981).

There are five prerequisites to maintaining a class action. One or more members of a class may sue or be sued as representative parties on behalf of all members in a class action only if

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

(4) the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709; and

(5) a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708.

Pa.R.C.P. 1702

The trial court held that appellants failed to meet the first three of these requirements and therefore found it unnecessary to examine the fourth and fifth criteria.

■ Appellants, in their complaint sought to represent "all customers" of United. The trial court found the definition of the class itself had not been properly established and, therefore, the first prerequisite of Pa.R.C.P. 1702,

which is numerosity, could not possibly be met if the court could not even discern who was a potential members of the class. Appellants argue the complaint, when considered in its entirety in conjunction with the other record evidence, established the general class consisting of all credit customers of United. Appellants further contend the court abused its discretion in failing to establish various sub-classes. We do not agree.

United has only one form of credit membership, a three-year membership. The price for a three year membership is $825.00. National serves as the collection agency for payments made under credit memberships. National also makes the initial determination as to whether credit will be extended to particular individuals.

United obtains its members primarily through referrals by existing members as United does not engage in television, radio or newspaper advertising. United does provide various incentives, such as its "permanent executive membership" which eliminates the yearly renewal fee for members who sponsor four new members within any 60 day period; the "family membership" which offers relatives of members a 25% discount; and, "guest passes" which permits members to invite guests for a one-time free visit to the spa.

Appellants' claim under the GSISA and the Usury Law alleges hidden and excessive interest charges. In their complaint, appellants aver that the fact that United assigns its contracts to National at discount constitutes a hidden finance charge. They further argue another hidden finance charge, since cash members receive one free renewal after the original three year membership expires and credit members do not receive this free renewal.

The alleged injury would be suffered by all members of the proposed general class with no need to refer to sub-classes; however, under the GSISA and Usury Law, unless the violations are willful, a fact not contained in this pleading, recovery is only permitted as to charges or usurious interest *paid* by the buyer. *See* 69 P.S. § 2202 and 41 P.S.

§ 502. Appellant Cribbs' credit membership was turned down by National. Appellant Ricks made no monthly payments. They have therefore *paid* no interest charges. Appellants Battle and Watkins have similarly terminated their contracts. Any money damages would be *de minimis.*

The trial court found the status of the contractual relationship between all four of the named appellants and United to be critical and found the class action was actually an attempt by each to gain leverage in their own contractual disputes—United having filed counterclaims seeking payment under the contracts. While we will not speculate as to any motivation in filing a class action suit, we also cannot rule appellants are proper representatives of their class.

Appellants argue the trial court, when ruling on the certification issue, impermissibly ruled on the merits by finding them to be in default on the underlying contract. However, the trial court was not deciding the substantive issues but permissibly looking at the status of appellants as representatives of the class of credit customers. We have said:

> The typicality requirement is closely akin to the requirements of commonality and the adequacy of representation. *Ablin, Inc. v. Bell Telephone Co. of Pennsylvania, supra* 291 Pa.Superior Ct. [40] at 40, 435 A.2d [208] at 212 [ (1981) ]. Its purpose is to determine whether the class representative's overall position on the common issues is sufficiently aligned with that of the absent class members to ensure that her pursuit of her own interests will advance those of the proposed class members. *Id.; Piel v. National Semiconductor Corp., supra* [86 F.R.D. 357 (1980) ]. *Accord, Luitweiler v. Northchester Corp., supra* 456 Pa. [530] at 534, 319 A.2d [899] at 902 [ (1974) ] (must appear that relief sought beneficial to all class members); *Penn Galvanizing Co. v. Philadelphia, supra* 388 Pa. [370] at 378, 130 A.2d [511] at 595 [ (1957) ] (same).

*Janicik v. Providential Insurance Co. of America,* 305 Pa.Super. 120, 134, 451 A.2d 451, 457–58 (1982) (footnote omitted).

Appellants raise nine different claims under the Pennsylvania Consumer Protection Law. Some of these claims pertain to the inducements offered such as "permanent executive membership" and "family memberships". Such claims only apply to certain subclasses of credit members, e.g. those who qualified for the permanent executive membership by recruiting the four additional members or those who purchased discounts under family memberships. Other consumer protection claims are concerned with United's cancellation procedures in refusing termination through medical or economic hardships. These claims apply to other subclasses, e.g. those who have applied for medical or economic cancellations. Still other of these claims, such as appellees' debt collection procedures involve yet other subclasses. Appellants have not provided any figures as to possible numbers of members of these subclasses, nor has there been any mention as to how many members would be in default. Appellants interests parallel only the interests of this unspecified percentage of either the general class or various subclasses who are also in default.

■ We recognize that factual differences with regard to each member of the class does not render the named parties' claims atypical of the class as a whole. *Albin, Inc. v. Bell Telephone Co. of Pennsylvania, supra.* Yet neither the complaint, nor the record evidence has established any data, guidelines or definitions of these nebulous subclasses. We cannot therefore find error in the ruling of the trial court that common questions of fact and law did not predominate over the questions affecting individual members. *Klemow v. Time, Inc.,* 466 Pa. 189, 352 A.2d 12 (1976).

Appellants have espoused a third theory for class action recovery, that being under the federal Truth-In-Lending statute. We note that class actions are properly cognizable to redress violations of this Act, *See Dzadovsky v. Lyons*

*Ford Sales, Inc.*, 593 F.2d 538 (3d Cir.1979). However, given our disposition that appellants should not be certified to represent a class action concerning their state claims, we decline to rule on the remaining federal claim and leave appellants free to pursue any recourse they feel necessary in the proper forum.

■ Appellants argue the trial judge abused his discretion by deciding the class certification issue without benefit of oral argument. At the conclusion of the certification hearing, the judge stated he would schedule oral argument if either party so requested. A month later, appellants requested oral argument. The trial court never acted on this request, but some 13 months later, issued the order from which this appeal was taken. There is no dispute that appellants received a full hearing as required by the rules of civil procedure, and appellants do not argue the rules *entitle* them to oral argument. Rather, they feel the trial judge was committed to granting oral argument because he had previously stated he would so grant. Appellants did not amend their complaint during this time frame, nor do they point to any additional facts or law which they would have included at oral argument. They instead state oral argument "could have been helpful" in clarifying the issues. Given these facts, we cannot find it to be an abuse of discretion to fail to grant argument even in light of the judge's earlier indication that he would schedule such argument.

■ Appellants raise an additional issue concerning a Petition to Intervene filed by one Carol Dantzler. Carol Dantzler was also a credit customer of United who defaulted on her contract after United refused to cancel her membership based upon her economic hardship request. No action has been taken by the trial court concerning this petition. Appellants request us to view such non-action as a denial of the petition and review such denial as part of this appeal. This we cannot do. Pa.R.A.P. 341. If the trial court had already granted this petition, it still would not have altered our decision in affirming the denial of class

certification. Appellate review of the petition to intervene is premature at this point since the trial court still must rule on whether Carol Dantzler may proceed in her own right as a named party.

Order affirmed.