615 A.2d 428

**Sara WEISMER and Dory Weismer, Minors by Their Parents and Natural Guardians, Ruth WEISMER and Murray Weismer, and Ruth Weismer and Murray Weismer, h/w on Their Own Behalf and Shari Gist, a Minor, by Her Parent and Natural Guardian Candace Gist and Candace Gist on Her Own Behalf and Guillermo Garcia, a Minor, by His Parent and Natural Guardian Linda Lederer and Linda Lederer on Her Own Behalf, Appellants,**

**v.**

**BEECH–NUT NUTRITION CORPORATION.**

Superior Court of Pennsylvania.

Argued Sept. 3, 1992.

Filed Oct. 26, 1992.

404

Mitchell A. Kramer, Jenkintown, for appellants.

Ira P. Tiger, Philadelphia, for appellee.

Before CIRILLO, POPOVICH and HOFFMAN, JJ.

CIRILLO, Judge:

This is an appeal from an order entered in the Court of Common Pleas of Philadelphia County denying a motion for class certification. We affirm.

Four minor children, through their parents as guardians, commenced this action on behalf of all children residing within the Commonwealth of Pennsylvania who suffer from "nursing bottle syndrome" (NBS). NBS is a dental condition characterized by widespread cavities and decay of primary teeth, and sometimes secondary teeth, and is caused by infants falling asleep with a bottle of milk, formula or juice in their mouths. This action was directed solely against Beech–Nut Nutrition Corporation (Beech–Nut), which is a major manufacturer of infant and baby foods and drinks. The parents assert that Beech–Nut is one of the manufacturers of apple juice that caused the NBS in their children.

> The parents sought certification of a class consisting of: all children residing in the Commonwealth of Pennsylvania who have suffered dental injuries as a result of nursing bottle syndrome, who sustained those injuries within the Commonwealth and whose claims for such injuries are not time-barred.

The parents allege that Beech–Nut is liable to the proposed class in negligence and in strict liability for failing to place warnings about NBS on the glass jars containing the apple juice.

The trial court denied certification. In its opinion,[1] the trial court stated that it denied class certification because "individual facts as to what may have caused the development of this condition predominate over common issues of law and fact." The trial court found that it would be overly burdensome to require the trier of fact to make a determination in each case

---

1. We note, parenthetically, that the parents neglected to include a copy of the trial court opinion in their brief, as required by Pennsylvania Rule of Appellate Procedure 2111. While the parents did include a copy of the trial court opinion in the reproduced record, we remind the parents that the rule specifically states: "There shall be appended to the *brief* a copy of any opinions delivered by any court...." Pa.R.A.P. 2111(b) (emphasis added).

as to whether the parent(s) knew of the existence of NBS, and if so, to what extent. The trial court also concluded that the claims could be handled more expeditiously and fairly in separate causes of action. The parents filed this timely appeal.

We are now asked to consider the following question:

[w]hether class certification should have been granted in this case involving a predominance of common questions of law and fact and in light of the fact that the separate claims of individual class members are insufficient in amount to support the expense of separate actions?

A trial court's decision concerning class certification is a mixed finding of law and fact. *Cribb v. United Health Clubs*, 336 Pa.Super. 479, 480, 485 A.2d 1182, 1183 (1984). A trial court is vested with broad discretion in defining the class based on the commonality of the issues and the propriety of maintaining the action on behalf of the class. *Hayes v. Motorists Mutual Insurance Co.*, 370 Pa.Super. 602, 604, 537 A.2d 330, 331 (1987). On appeal, we will not disturb the trial court's order denying class certification unless the court failed to consider the requirements of the rules of civil procedure or abused its discretion in applying them. *Id.*

Pennsylvania Rule of Civil Procedure 1702, entitled "Prerequisites to a Class Action" provides:

One or more members of a class may sue or be sued as representative parties on behalf of all members in a class action *only if*

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

(4) the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in rule 1709; *and*

(5) a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708.

Pa.R.C.P. 1702. (emphasis added). Thus, *each* of the five elements must be met before a class can be certified. Moreover, the burden of proof is upon the party seeking certification. *Janicik v. Prudential Insurance Co.*, 305 Pa.Super. 120, 128, 451 A.2d 451, 454 (1982).

■ When a class is narrowly and precisely drawn and there are still so many potential class members that joinder is impracticable or impossible, the class is sufficiently delineated to meet the numerosity requirement. *Cribb*, 336 Pa.Super. at 481, 485 A.2d at 1184 (1984). Conversely, where the class definition is so poorly established that the court cannot even discern who the potential class members are, the numerosity criterion has not been met. *Id.*

■ In the instant case the parents have broadly defined the class as "all children residing in the Commonwealth ... who have suffered dental injuries as a result of nursing bottle syndrome." Although only Beech–Nut is named as a defendant in the proposed class action, the definition of the class does not even specify that each potential member must have used Beech–Nut . products or must have used them in a particular manner so as to render Beech–Nut liable for the alleged failure to warn of a particular use that might lead to NBS.[2] Consequently, we find that the plaintiffs have failed to satisfy the numerosity requirement for class certification. *See* Pa.R.C.P. 1702(1).

■ The parents contend that there are sufficient common questions of law and fact to warrant class certification. We do not agree. While the existence of individual questions of fact is not necessarily fatal, it is essential that there be a *predominance* of common issues, shared by all the class members,

---

**2.** The trial court properly noted, however, that the overly broad definition of the potential class was not fatal, in and of itself. Had it chosen to do so, the court could have modified the definition of the class to include, for example, only those children who had used Beech–Nut's apple juice during nap or bed time.

which can be justly resolved in a single proceeding. *Hayes,* 370 Pa.Super. at 606, 537 A.2d at 332. In determining *liability,* this court has stated that "the common question of fact" means precisely that—the facts surrounding each plaintiff's claim must be substantially the same so that proof as to one claimant would be proof as to all. *Allegheny County Housing Authority v. Berry,* 338 Pa.Super. 338, 341, 487 A.2d 995, 997 (1985).

■ There is a significant difference, however, between individual factual questions regarding *damages* and individual questions of fact concerning *liability.* *Cook v. Highland Water & Sewer Authority,* 108 Pa.Cmwlth. 222, 231, 530 A.2d 499, 504 (1987). Once a common source of liability has been clearly identified, varying amounts of *damages* among the plaintiffs will not preclude class certification. *Id.* "However, where there exist various intervening and possibly superseding causes of damage, liability cannot be determined on a class-wide basis." *Id.*

Here, there are various possible intervening or superseding causes of the NBS. The trial court found that breastfeeding, the prolonged use of a nursing bottle filled with milk, juice or formula at nap or bedtime, or the individual feeding practices followed by the parents could have caused the NBS. In addition, there are at least two manufacturers in addition to Beech–Nut that market apple juice for infants; any of the three manufacturers could be liable for the NBS. Moreover, critical issues such as product usage, parental knowledge of NBS, dental hygiene, extent of injury, and the application of the statute of limitations vary by plaintiff and, consequently, require individual inquiry. Thus, in the instant case proof as to one plaintiff cannot suffice as proof as to all. *Allegheny County Housing Authority, supra.* Since liability cannot be determined on a class-wide basis, the common issues of law and fact cannot be held to predominate. *Cook, supra.*

■ The parents next contend that the trial court erred in denying class certification because it failed to consider that the value of the claims of the individual class members is insuffi-

cient to cover the cost of filing separate causes of action. We cannot agree. The fifth prerequisite for certification, that the class action will provide a fair and efficient method for resolving the controversy, refers the reader to Pennsylvania Rule of Civil Procedure 1708, which sets forth the elements which must be considered in determining whether a class action would, in fact, be fair and efficient. *See* Pa.R.C.P. 1702, *supra.* "[W]hether in view of the complexities of the issues or the expenses of litigation the separate claims of individual class members are insufficient in amount to support separate actions" is one element listed in rule 1708. Pa.R.C.P. 1708(a)(6). However, *the trial court was not obligated to weigh the considerations of rule 1708 because the parents had failed to establish the first four of the mandatory prerequisites for class certification delineated in rule 1702.*

Here the trial court determined that the parents had failed to establish even the first two requirements, numerosity and common questions of law and fact. Pa.R.C.P. 1702. Consequently, it was unnecessary for the trial court to consider the remaining three elements. While we are cognizant of the policy of this Commonwealth that "decisions in favor of maintaining a class action should be liberally made," we simply cannot afford relief when it is clear from the record that the parents have failed to meet their burden of proof in seeking class certification. *Janicik,* 305 Pa.Super. at 126, 451 A.2d at 454 (citations omitted).

The trial court properly considered the requirements of the applicable rules of civil procedure for class certification and did not abuse its discretion in applying them. *Hayes, supra.* We, therefore, affirm the order denying the motion for class certification.

Order affirmed.