## Professional Flooring Co. v. Bushar Corp.

148

C.P. of Montgomery County, no. 01-10504.

*Shanin Specter, Donald Haviland Jr., TerriAnne Benedetto, Paul Baker Bartle* and *John A. Gallagher,* for plaintiffs.

*Carol Ann Murphy* and *Debra S. Goodman,* for defendants.

O'NEILL, *J.*, April 14, 2003—

## I. *Procedural History*

Plaintiffs, Professional Flooring Co. Inc., Limerick Carpet & Flooring Inc., Rose Line Inc., Salmons Industries Inc. a/t/a Millie Switch, Renu Electronics Inc. and Purdy-Pak Inc. a/t/a Tite Pak Inc. and PPI, commenced the above-entitled action by filing a complaint on or about May 24, 2001, seeking to recover damages on behalf of themselves and other similarly situated entities and individuals in connection with a fire that occurred on May 15, 2001, at the Continental Business Center located in Bridgeport, Pennsylvania. Thereafter, on or about August 22, 2001, plaintiffs filed a second amended complaint, which controls the instant lawsuit.

Defendants, Bushar Corporation, Charles Bushar III and John S. Rittenhouse t/a Continental Business Center, Charles Bushar III and Lauretta V. Bushar t/a Continental Business Center and Charles Bushar III and Lauretta V. Bushar t/a Continental Business Center LP, filed an answer to plaintiffs' second amended complaint with new matter on or about July 11, 2002. Plaintiffs answered the new matter on or about August 13, 2002.

With the close of the pleadings, plaintiffs filed a motion for class certification pursuant to Pennsylvania Rule of Civil Procedure 1702. The motion for class certification requested that plaintiffs be designated as class representatives and that the law firms of Kline & Specter P.C. and High Schwartz Roberts & Seidel LLP be designated as counsel for the class. At that time, plaintiffs also

sought to have the class certified as a non-opt out "limited fund" class action pursuant to Pa.R.C.P. 1708(a)(3)(ii).

After extensive briefing by plaintiffs and defendants, this court conducted a class certification hearing on January 22, 2003, in accordance with Pa.R.C.P. 1707. At the class certification hearing, neither party took any testimony. Rather, plaintiffs relied on the pleadings, the affidavit of Donald E. Haviland Jr. Esq., affidavits from several business owners affected by the fire, a diagram of the Continental Business Center, the sworn statement in proof of loss of Scott Lyall to Harleysville Insurance Company, the Montgomery County detective's supplemental reports by Fire Inspector George L. Wert, the Montgomery County detective's supplemental reports by James Agnew and the declaration pages of defendants' insurance policy.

Subsequent to the class certification hearing, on February 20, 2003, this court issued an interim order withholding a decision of class certification pending discovery on the "limited fund" issue. In a supplemental motion for class certification filed on March 14, 2003, plaintiffs withdrew their request for "limited fund" status and now seek to proceed solely for class certification pursuant to Pa.R.C.P. 1708(a). This court is now in a position to rule on class certification, and issues this memorandum order and opinion in compliance with Pa.R.C.P. 1710.

## II. FINDINGS OF FACT

(1) The Continental Business Center is an industrial complex located in Bridgeport, Pennsylvania.

(2) Plaintiffs are business owners and/or operators who were tenants of the Continental Business Center on or about May 15, 2001.

(3) Plaintiffs allege the Continental Business Center is owned and/or operated by defendants.

(4) On May 15, 2001, a fire started in the Continental Business Center in a unit identified as C-158.

(5) Over the course of several hours, the fire spread through three buildings in the center, identified as Building C, Building J and Building M.

(6) An investigation into the fire by Montgomery County detectives indicated that the fire may have originated in an electrical panel box located on the interior side of the north wall of unit C-158.

(7) An investigation by Montgomery County detectives indicated that the fire resulted in the full or partial destruction of at least 36 separate businesses that leased space in the Continental Business Center.

(8) On May 23, 2001, the center was declared a disaster area by the U.S. Small Business Administration.

(9) At least one of the businesses affected by the fire, Restoration Station, held the furniture of 24 separate individuals.

(10) At least 59 vehicles ware damaged by the fire.

(11) Plaintiffs sued defendants shortly after the fire on behalf of themselves and all other similarly-situated persons and entities who were harmed as a result of the fire, raising claims against defendants for negligence, negligence per se and private and public nuisance, and seeking the recovery of monetary damages for property loss.

(12) Plaintiffs allege that more than 100 potential class plaintiffs exist, including business owners and/or operators, leaseholders and property owners.

(13) Plaintiffs allege the named class representatives suffered property losses which are typical of the class as a whole.

(14) Plaintiffs allege a single occurrence caused the fire.

(15) Plaintiffs allege defendants are responsible for harm caused by the fire.

(16) Plaintiffs are represented by experienced counsel, have acquired adequate resources to fund the prosecution of a class action and have presented evidence which they claim supports a prima facie finding that class certification will be a fair and efficient method of adjudicating the lawsuit.

## III. DISCUSSION

Plaintiffs have moved this court for class certification pursuant to Pa.R.C.P. 1702 et seq. Class actions were established "to provide a means by which the claims of many individuals could be resolved at one time, thereby eliminating the possibility of repetitious litigation and providing small claimants with a method to seek compensation for claims that would otherwise be too small to litigate. . . ." *DiLucido v. Terminix International Inc.,* 450 Pa. Super. 393, 397, 676 A.2d 1237, 1239 (1996). In considering the propriety of class certification, the trial court must consider all relevant testimony, depositions, admissions and other evidence pursuant to Pa.R.C.P. 1707. Additionally, all well-pleaded class action allega-

tions, if admitted by the class opponent, may be considered as evidence at the class certification hearing. Pa.R.C.P. 1706; *Cavanaugh v. Allegheny Ludlum Steel Corp.,* 364 Pa. Super. 437, 528 A.2d 236 (1987); *D'Amelio v. Blue Cross of Lehigh Valley,* 347 Pa. Super. 441, 500 A.2d 1137 (1985).

Pa.R.C.P. 1702 provides that class certification is appropriate where:

"(1) the class is so numerous that joinder of all members is impracticable;

"(2) there are questions of law or fact common to the class;

"(3) the claims or defenses of the representative parties are typical of the claims and defenses of the class;

"(4) the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in 1709; and

"(5) a class action provides a full and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708." Pa.R.C.P. 1702.

The burden of proof to establish the five prerequisites to class certification lies with the class proponent; however, since the hearing on class certification is akin to a preliminary hearing, it is not a heavy burden. *Debbs v. Chrysler Corp.,* 810 A.2d 137 (Pa. Super. 2002); *Janicik v. Prudential Insurance Company of America,* 305 Pa. Super. 120, 451 A.2d 451 (1982). At the class certification hearing, the class proponent need only present evidence sufficient to make out a prima facie case from which the court can conclude that the five class certifi-

cation requirements set forth in Rule 1702 are met. *Debbs,* 810 A.2d at 154. Such a showing will suffice unless the class opponent comes forward with contrary evidence. If there is an actual conflict on an essential fact, the proponent "bears the risk of non-persuasion." *Janicik,* 305 Pa. Super. at 130, 451 A.2d at 456. In considering the appropriateness of class certification, our Superior Court has instructed that it is the strong and oft-repeated policy of this Commonwealth that, in applying the rules for class certification, decisions should be made liberally and in favor of maintaining a class action. *Weismer by Weismer v. Beech-Nut Nutrition Corp.,* 419 Pa. Super. 403, 407, 615 A.2d 428, 431 (1992). Our Commonwealth Court further has held that "in doubtful cases any error should be committed in favor of allowing class certification." *Foust v. SEPTA,* 756 A.2d 112, 118 (Pa. Commw. 2000). This philosophy is supported by our Superior Court's acknowledgment that "[t]he court may alter, modify, or revoke the certification if later developments in the litigation reveal that some prerequisite to certification is not satisfied." *Janicik,* 305 Pa. Super. at 129, 451 A.2d at 454.

## A. *Numerosity*

Regarding the numerosity requirement, the class proponent must establish that the proposed class is so numerous that joinder of all members is impracticable. *Janicik,* 305 Pa. Super. at 132, 451 A.2d at 456. Further, our Superior Court has stated that the class proponent need not plead or prove the actual number of class members, but must "define the class with some precision and

afford[] the court with sufficient indicia that more members exist than it would be practicable to join." *Janicik,* 305 Pa. Super. at 132, 451 A.2d at 456.

Presently, plaintiffs have alleged that over 100 businesses and/or property owners suffered property damage as a result of the fire. Investigations by the Montgomery County detectives appear to confirm that the number of affected persons and/or businesses could exceed 100.

## B. *Commonality*

Concerning the requirement of commonality, the class representatives must demonstrate a predominance of common issues shared by all class members. A predominance of common issues exist only if the facts underlying each plaintiff's claim are sufficiently similar so that proof as to one plaintiff would be proof as to all. *Weismer v. Beech-Nut Nutrition Corp.,* 419 Pa. Super. 403, 407, 615 A.2d 428, 431 (1992). "The trial court is vested with broad discretion in determining the definition of the class as based on commonality of issues and the propriety of maintaining the action on behalf of the class." *Hanson v. Federal Signal Corporation,* 451 Pa. Super. 260, 267, 679 A.2d 785, 788 (1996).

Presently, plaintiffs allege a predominance of common issues of fact and law, which include:

(a) the origin and cause of the fire;

(b) the cause(s) of the spread of the fire;

(c) whether defendants failed to, among other things, properly design, construct, operate, inspect, manage, maintain and/or repair the center;

(d) whether defendants failed to, among other things, properly design, construct, install, inspect, operate, manage and/or maintain adequate fire detection, alarm, suppression or other appropriate fire protection systems at the center;

(e) whether defendants knew or should have known that the failure to, among other things, properly design, construct, install, inspect, operate, manage and/or maintain the center, and adequate fire detection, alarm, suppression or other appropriate fire protection systems at the center, could cause grave and extensive harm to the property and businesses of plaintiffs and the class in the event of a fire;

(f) whether defendants' alleged failure to, among other things, properly design, construct, install, inspect, operate, manage and/or maintain appropriate fire protection systems at the center caused, contributed and/or failed to control the catastrophic fire at the center on May 21, 2001;

(g) whether the catastrophic fire caused property damage and/or dangerous and hazardous conditions in the immediate area which resulted in, among other things, the obstruction and closure of public ways and streets and the evacuation of businesses and residences surrounding the center;

(h) whether plaintiffs and members of the class suffered harm of a kind different from that suffered by other members of the general public;

(i) whether plaintiffs and members of the class suffered damages as a result of defendants' conduct;

(j) whether defendants are liable to plaintiffs and the class for the harm that they suffered; and

(k) whether defendants acted outrageously or with reckless indifference to the rights of others in failing to, among other things, properly design, construct, install, inspect, operate, manage, and/or maintain the center and adequate fire detection, alarm, suppression or other appropriate fire protection systems at the center, thereby warranting the imposition of punitive damages.

These allegations appear to support a prima facie showing that common issues of fact and law predominate over individual claims.

## C. *Typicality*

The purpose of the typicality requirement is to "determine whether the class representative's overall position on the common issues is sufficiently aligned with that of the absent class members to ensure that her pursuit of her own interests will advance those of the proposed class members." *Cribb v. United Health Clubs Inc.*, 336 Pa. Super. 479, 483, 485 A.2d 1182, 1185 (1984). For class representatives to satisfy their burden regarding typicality, the overall position of the class representatives must be sufficiently aligned with that of the absent class members to insure that the pursuit of the representatives' own interests will advance those of the proposed class members. *DiLucido v. Terminix International Inc.*, 450 Pa. Super. 393, 676 A.2d 1237 (1996).

Presently, plaintiffs allege their claims and the claims of the proposed class are typical in that all have been

damaged by the same alleged conduct. Plaintiffs further allege the damages suffered by them and the members of the proposed class are typical in that they consist of the loss of and damage to their property and related interruption of and damage to their businesses. This court believes that at this stage, plaintiffs have shown that their claims and the claims of the proposed class are typical.

## D. *Adequate Representation*

To satisfy the representative parties requirement, as set forth in Pa.R.C.P. 1708(4), class representatives must prove that they will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709. Pa.R.C.P. 1709 specifies three requirements for fair and adequate representation. The rule provides that in determining whether the representative parties will fairly and adequately assert and protect the interests of the class, the court shall consider:

"(1) Whether the attorney for the representative parties will adequately represent the interests of the class,

"(2) Whether the representative parties have a conflict of interest in the maintenance of the class action, and

"(3) Whether the representative parties have or can acquire adequate financial resources to assure that the interests of the class will not be harmed." Pa.R.C.P. 1709.

Unless the class opponent demonstrates otherwise, and in the absence of proof to the contrary, there is a legal presumption that the representative parties will fairly and adequately protect the interests of the class members. *Janicik, supra.*

Presently, plaintiffs have presented evidence that they will fairly and adequately protect the interests of the members of the proposed class by retaining experienced counsel and acquiring adequate financial resources to prosecute the class action.

## E. *Fair and Efficient Adjudication*

To satisfy the final requirement for class certification, plaintiffs must prove that a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708. Pa. R.C.P. 1702(5). Pa.R.C.P. 1708(a) sets forth the criteria for making that determination. Rule 1708(a) provides, in part:

"(a) Where monetary recovery alone is sought, the court shall consider

"(1) whether common questions of law or fact predominate over any question affecting only individual members;

"(2) the size of the class and the difficulties likely to be encountered in the management of the action as a class action;

"(3) whether the prosecution of separate actions by or against individual members of the class would create a risk of

"(i) inconsistent or varying adjudications with respect to individual members of the class which would confront the party opposing the class with incompatible standards of conduct;

"(ii) adjudications with respect to individual members of the class which would, as a practical matter, be dis-

positive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;

"(4) the extent and nature of any litigation already commenced by or against members of the class involving any of the same issues;

"(5) whether the particular forum is appropriate for the litigation of the claims of the entire class;

"(6) whether in view of the complexities of the issues or the expenses of litigation the separate claims of the individual class members are insufficient in amount to support separate actions; and

"(7) whether it is likely that the amount which may be recovered by individual class members will be so small in relation to the expense and effort of administering the action as not to justify a class action." Pa.R.C.P. 1708(a).

Presently, plaintiffs have presented evidence sufficient to sustain a prima facie showing that certification of a class action is appropriate under Rule 1708(a).

## IV. CONCLUSIONS OF LAW

(1) The members of the class are so numerous as to make it impracticable to bring them all before the court;

(2) There exist questions of fact and law common to the class, which common questions predominate over any questions affecting only individual members;

(3) Plaintiffs will adequately represent all members of the class;

(4) Plaintiffs' claims are typical of the claims of the class;

(5) The certification of the class is the superior method for the fair and efficient adjudication of the controversy, and the class would be manageable;

(6) Plaintiffs, Professional Flooring Co. Inc., Limerick Carpet & Flooring Inc., Rose Line Inc., Salmons Industries Inc. a/t/a Millie Switch, Renu Electronics Inc. and Purdy-Pak Inc. a/t/a Tite Pak Inc. and PPI, are found to be adequate and are designated as the class representatives;

(7) Kline & Specter P.C. and High, Swartz, Roberts & Seidel LLP are found to be adequate and are designated as class counsel.

## ORDER

And now, April 14, 2003, it is hereby ordered and decreed that plaintiffs' motion for class certification is granted. Plaintiffs, Professional Flooring Co. Inc., Limerick Carpet & Flooring Inc., Rose Line Inc., Salmons Industries Inc., a/t/a Millie Switch, Renu Electronics Inc., and Purdy-Pak Inc., a/t/a Tite Pak Inc. and PPI, are designated as class representatives and the following class is certified:

"All persons and entities who suffered losses resulting from the fire that started on May 15, 2001, in the Continental Business Center situate in Bridgeport, Pennsylvania. Excluded from the class are defendants, additional defendants which may be named later, and their directors, officers, employees, affiliates and subsidiaries, as well as government entities."

It is further ordered and decreed that, pursuant to Pa.R.C.P. 1711(a), the court finds that every member of

the class as defined herein is included, unless and until a written election to be excluded from the class is received after notice is disseminated to the class and an opportunity to be heard as to any requested exclusion is afforded to all parties. Within 30 days of the date of entry of this order, plaintiffs shall submit a proposed plan and form of notice of the pendency of this class action. Within 10 days thereafter, defendants shall file any objections thereto and, within 10 days thereafter, plaintiffs shall file any reply thereto. Otherwise, the parties may submit a joint proposed plan and form of notice to the court at any time.

This class certification order is conditional pursuant to Pa.R.C.P. 1710(d) and, as such, before a decision on the merits, it may be revoked, altered or amended by the court on its own motion or on the motion of any party.