## Basile v. H&R Block Inc.

58

*Steven Angstreich,* for plaintiffs.
*Mary Kohart,* for defendants.

LEVIN, *S.J.,* March 1, 2004—Before this court are defendants' motion for class decertification, plaintiffs' memorandum of law in opposition to defendants' motion for decertification and all responses thereto. For the reasons stated below, we grant defendants' motion.

## I. INTRODUCTION

This opinion is not an acceptance or endorsement of the actions of H&R Block in this matter. The question in this case is not one of morality or business ethics, but rather one of law. This court has no right or responsibility to impose its view of how business should be conducted on the defendants, only to apply the law of Pennsylvania to the facts in this case.

*Procedural history.* The defendants in exhibit A of their motion for class decertification set forth an accurate account of the procedural history of *Basile v. H&R Block Inc.* This history is repeated here:

"*Procedural history of* Basile v. H&R Block Inc.

On April 23, 1993, Sandra Basile and Laura Clavin filed this case against H&R Block Inc., H&R Block Eastern Tax Service Inc. and Mellon Bank in the Court of

Common Pleas of Philadelphia County. The case was removed to the United States District for the Eastern District of Pennsylvania on May 14, 1993. Basile and Clavin filed their first amended complaint on April 6, 1994, asserting claims for: (I) violation of the Truth in Lending Act (TILA); (II) fraud; (III) negligent misrepresentation; (IV) breach of fiduciary duty; (V) violation of the UTPCPL; and (VI) violation of the Delaware Legal Rate of Interest Law.

*Federal District Court summary judgment order, August 1, 1995.* Block and Mellon Bank filed motions for summary judgment, which were granted in part on July 24, 1995, as evidenced by a written memorandum dated August 1, 1995. *Basile v. H&R Block Inc.,* 897 F. Supp. 194, 195 (E.D. Pa. 1995). The federal court granted summary judgment in favor of Block on all of the federal claims, finding no violation of TILA and no violation of any state or federal law related to the Delaware Legal Rate of Interest claim. Regarding plaintiffs' UTPCPL claim, the court reasoned, "Inasmuch as plaintiffs' unfair trade practices claim arises from the bank's interest rate charges, it is preempted by the National Bank Act." *Id.* at 198-99. Thereafter, the court returned the remaining state law claims to this court. *Id.* at 199. Basile and Clavin did not appeal the decision of the federal court.

*Court of Common Pleas class certification order, May 30, 1997.* In this court, Basile and Clavin filed a class certification motion and all parties filed cross-motions for summary judgment. Judge Avellino denied the motions for summary judgment without prejudice pending the class certification ruling. He also ruled that the court would assume the existence of an agency relationship for purposes of the class certification ruling. Order of

January 17, 1996, *Basile v. H&R Block Inc.,* Phila. C.C.P. no. 9304-3246.

The matter was then assigned to the Honorable John W. Herron, who ruled on the class certification on May 30, 1997. The court ruled that the UTPCPL claim did not survive the federal court's summary judgment order and reasoned that even if the claim had survived, it would not be appropriate for class certification because of the reliance issues. *Basile v. H&R Block Inc.,* 34 Phila. 1, 14-16 (1997). The court denied certification of a class action premised on the fraud and misrepresentation claims and disqualified Clavin as a class representative because she was a paralegal for class counsel, creating a conflict of interest. *Id.* at 77.

For the only remaining claim for breach of fiduciary duty, Judge Herron certified a class of Pennsylvania residents who applied for and received a "Rapid Refund" through Block during the years 1990 through 1993. *Id.* at 78; see also, memorandum, p. 1 n.1 for class definition. As directed by Judge Avellino's prior order, the court assumed the existence of an agency relationship between Block and members of the class for the limited purpose of ruling on class certification. *Id.* at 64-65.

*Court of Common Pleas summary judgment order, December 31, 1997.* On December 31, 1997, the Honorable Stephen E. Levin granted Block's motion for summary judgment, finding that Block did not owe the plaintiff class a fiduciary duty because (1) there was no agency relationship because of the absence of substantial control over Block; and (2) there was no confidential relationship between the parties. Memorandum and order of December 31, 1997, *Basile v. H&R Block Inc.,* Phila. C.C.P. no. 9304-3246.

*Superior Court 1999 decision.* Basile and Clavin appealed both the class certification order and the summary judgment order. The Superior Court reversed the summary judgment order, finding that there was a principal-agent relationship giving rise to a fiduciary duty. *Basile v. H & R Block Inc.,* 729 A.2d 574, 582 (Pa. Super. 1999). Having determined that there was an agency relationship, the court did not consider the alternate theory that the alleged fiduciary duty arose from a confidential relationship. *Id.*

The Superior Court also addressed Judge Herron's UTPCPL ruling and determined that the trial court had incorrectly found that the federal court had disposed of the claim. The Superior Court reasoned that the federal court only found that UTPCPL claims premised on rate of interest pre-empted, but not other claims that were not based on rate of interest. *Id.* at 583. The Superior Court also disagreed that the UTPCPL claim could not be certified for class treatment. The court ruled that individualized proof of reliance was not necessary in this case, reasoning that the reliance element could be satisfied without testimonial evidence because reliance is "implicit and is established by operation of law" because of the agency relationship between the plaintiff class and Block. *Id.* at 584. Accordingly, the Superior Court vacated the trial court's order denying certification of the UTPCPL claims and remanded for certification. *Id.*

*Supreme Court 2000 decision.* The Supreme Court granted allocatur to address the issue of whether there was evidence of an agency relationship between Block and members of the class such that the claim for breach of fiduciary duty should have survived summary judg-

ment. *Basile v. H & R Block Inc.,* 563 Pa. 359, 362, 761 A.2d 1115, 1117 (2000). The Supreme Court concluded, "[A]s a matter of law, Block was not acting as appellees' agent in the [Refund Anticipation Loan] transactions, such that they were subject to a heightened, fiduciary duty." *Id.* at 1121, 761 A.2d at 1121. The court recognized *Basile* had made an alternative argument that fiduciary duty was based upon a confidential relationship and remanded to the Superior Court "for consideration of the confidential relationship issue in the first instance." *Id.* at 1121, 761 A.2d at 1122-23.

*Superior Court 2001 decision.* In 2001, on remand from the Supreme Court, the Superior Court reviewed the narrow issue of the propriety of summary judgment in light of the "confidential relationship" allegations of the plaintiffs. *Basile v. H & R Block Inc.,* 777 A.2d 95 (Pa. Super. 2001). The court acknowledged, "[W]e have limited our review to determine whether the trial court erred in granting summary judgment on the question of confidential relations." *Id.* at 100. The Superior Court reviewed the confidential relationship case law and evidence considered by the trial court in ruling on summary judgment and determined that there was sufficient evidence to make out a prima facie case of a confidential relationship. Accordingly, it reversed summary judgment by this court in 1999. *Id.* at 107. The Superior Court also addressed its prior ruling regarding the UTPCPL claim. The court recalled that it had previously held that proof of a fiduciary relationship would relieve plaintiffs of the burden of proving reliance for purposes of UTPCPL claims. *Id.* at 107. The court concluded that if upon remand the plaintiffs demonstrate a confidential relation-

ship, reliance will be presumed for purposes of the UTPCPL claim. *Id.* at 107-108.

*Defendants' motion for class decertification.* After the remand from the Superior Court, the defendants, H&R Block Inc. et al., moved the court to decertify the class, for which plaintiff, Sandra Basile, is a representative, basically arguing that courts around the country have determined that the subjective issue of a "confidential relationship" cannot be addressed on a class-wide basis.

Plaintiff responded by raising two arguments, both of which stem from the same analysis. First, the plaintiff contends that the Superior Court, in its 2001 decision decided the confidential relationship issue on a class-wide basis; and, second, that this court is bound by that holding and cannot decertify the class. Although admitting that a trial court has discretion to decertify a class, "this case is not one where this court has the power or discretion to do so." (Basile brief, at 5.)

The heart of both arguments is the plaintiffs' analysis that the Superior Court's holding decided the issue on a class-wide basis. Since both arguments stand on the same foundation, this court must analyze the holding of the Superior Court's 2001 decision to decide both.

The Superior Court held as follows "Nonetheless, our holding is narrow. We do not conclude that the relationship of a tax consultant to his client is confidential, *per se,* nor do we conclude that the parties here were engaged in such a relationship as a matter of law. We conclude only that the evidence before the trial court on summary judgment was sufficient to establish, *prima facie,* the elements of a confidential relationship between the parties in this case. If, upon remand, the fact-finder ac-

cepts, as truthful, evidence adduced tending to demonstrate a confidential relationship, Block will be bound by a corresponding fiduciary duty as a matter of law." *Basile v. H & R Block Inc.,* 777 A.2d 95 at 107 (Pa. Super. 2001). (emphasis in original)

Clearly this holding cannot support the plaintiffs' position. But, in reviewing the evidence, the Superior Court also said, "The evidence suggests further that Block recognized its customers' confusion and exploited 'a corresponding opportunity to abuse [their] trust for personal gain.' *In re Estate of Scott,* 316 A.2d at 885. As documented . . . by Block, the company was aware of the limited economic and educational standing of its customers, their confusion about the 'Rapid Refund' service, and the fact that they trusted the company to 'take the worry out.' Notwithstanding this knowledge, the company, ostensibly, made no effort to provide a clear explanation of its services, but in Sandra Basile's case, merely told her where to sign. Thus, we conclude that the jury could reasonably find that Block occupied a position of substantial strength which, relative to the pronounced intellectual and economic weakness of the plaintiffs, presented Block with the opportunity to abuse the plaintiffs' trust for its own gain. Such a scenario is consistent with confidential relations as defined by our Supreme Court." *Id.* at 106.

The plaintiff then argued that the Superior Court's acceptance of the evidence ample to demonstrate that Sandra Basile and members of the certified class did not deal on equal terms, requires this court to permit a factfinder to make this determination on a class-wide basis. This court cannot accept that position.

The question that must be answered on a class-wide basis is, did Block give advice that the class members "by virtue of their own weakness or inability, the advisor's pretense of expertise, or a combination of both, invest such a level of trust that they seek no other counsel." *Id.* at 102.

In citing *Frowen v. Blank,* 493 Pa. 137, 425 A.2d 412 (1981), accordingly "[a confidential relationship] appears when the circumstances make it certain the parties do not deal on equal terms, but, on the one side there is an overmastering influence, *or,* on the other, weakness, dependence or trust, justifiably reposed[.]" While this court accepts that both elements need not appear together as "in both an unfair advantage is possible," *Basile v. H & R Block Inc.,* 777 A.2d at 101 (emphasis in original), citing *Frowen,* 493 Pa. at 145, 425 A.2d at 417. Nevertheless, to find an overmastering influence, the fact-finder must consider the relative positions of both parties and determine if the plaintiffs place complete trust in the advisor's expertise.

This court finds that it will be necessary to consider the evidence of the unique qualities of each class member since the fact-finder must determine whether each placed his or her complete trust in the defendant's expertise. This court finds that the repose of complete trust in the defendant's expertise is required to form a confidential relationship.

The plaintiff continued to argue that the Superior Court made a clear finding here of a superior position held by Block and therefore, the court does not have to address an inferior position. While that may be true as to Ms.

Basile, who did not graduate from high school and worked as a waitress, it cannot be true as to the entire class without making the relationship of an H&R Block Inc., to the class confidential per se. If members of the class did not place their trust in Block's expertise, they cannot claim a confidential relationship. This court finds that proof of a confidential relationship requires consideration of the disparity between the respective parties, and whether the inferior party places primary trust in the other's counsel.

## II. DISCUSSION OF THE PENNSYLVANIA RULES OF CIVIL PROCEDURE GOVERNING CLASS ACTIONS

My decision, at this stage, is limited to whether plaintiffs have satisfied the requirements described in Pennsylvania Rule of Civil Procedure 1702.

"Rule 1702: Prerequisites to a class action

"One or more members of a class may sue or be sued as representative parties on behalf of all members in a class action only if

"(1) the class is so numerous that joinder of all members is impracticable;

"(2) there are questions of law or fact common to the class;

"(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

"(4) the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709; and

"(5) a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708."

In determining if these criteria are satisfied, the court is clearly vested with broad discretion. *Cambanis v. Nationwide Ins. Co.,* 348 Pa. Super. 41, 51, 501 A.2d 635, 640 (1985) (court has authority to certify certain claims, issues or forms of relief and not others); *Janicik v. Prudential Insurance Co. of America,* 305 Pa. Super. 120, 135, 451 A.2d 451, 457 (1982) (same). See Pa.R.C.P. 1710(c)(1); *Klemow v. Time Incorporated,* 466 Pa. 189, 197, 352 A.2d 12, 16 (1976); *Prime Meats Inc. v. Yochim,* 422 Pa. Super. 460, 468, 619 A.2d 769, 773 (1993).

However, the court recognizes that decisions in favor of maintaining a class action should be liberally made. *D'Amelio v. Blue Cross of Lehigh Valley,* 347 Pa. Super. 441, 449, 500 A.2d 1137, 1141 (1985); *Bell v. Beneficial Consumer Discount Co.,* 241 Pa. Super. 192, 205, 360 A.2d 681, 688 (1976) (class suits enable the assertion of many meritorious claims that might not otherwise be litigated). Accord, *Janicik,* 305 Pa. Super. at 128, 451 A.2d at 454.

Given this rule, the court will enumerate the factors it considered in ruling on class certification.

## 1. *Numerosity*

To satisfy this criterion, the class must be both numerous and identifiable. A class is sufficiently numerous when "the number of potential individual plaintiffs would pose a grave imposition on the resources of the court and an unnecessary drain on the energies and resources of the litigants should . . . plaintiffs sue individually."

*Temple University v. Pennsylvania Department of Pubic Welfare,* 30 Pa. Commw. 595, 603, 374 A.2d 991, 996 (1977). Plaintiffs assert that numerosity is satisfied because they allege the class exceeds 600,000 persons; no issue has been raised in the decertification motion concerning numerosity.

## 2. *Commonality*

For class certification, plaintiffs must also establish that their claim presents "questions of law or fact common to the class." Pa.R.C.P. 1702(2). "The common questions of fact means precisely that the facts must be substantially the same so that proof as to one claimant would be proof as to all." *Allegheny County Housing Authority v. Berry,* 338 Pa. Super. 338, 342, 487 A.2d 995, 997 (1985); *Cook v. Highland Water and Sewer Auth.,* 108 Pa. Commw. 222, 231-32, 530 A.2d 499, 504 (1987). While the existence of individual questions essential to a class member's recovery is not necessarily fatal to the class, there must be a *"predominance* of common issues, shared by all the class members, which can be justly resolved in a single proceeding." *Weismer by Weismer v. Beech-Nut Nutrition Corp.,* 419 Pa. Super. 403, 408-409, 615 A.2d 428, 431 (1992) (emphasis in original); *D'Amelio,* 347 Pa. Super. at 452, 500 A.2d at 1142; and *Janicik,* 305 Pa. Super. at 132-33, 451 A.2d at 457. See Pa.R.C.P. §1708(a)(1).

The Superior Court in its 2001 decision determined that the fiduciary duty, in this case, must be shown through evidence of a confidential relationship. It is, therefore, necessary to consider whether a common proof of this relationship is possible.

Since this court finds that it will be necessary to consider the evidence of the unique qualities of each class member, so that a fact-finder can determine whether he or she placed his or her trust in Block, these questions cannot be answered on a class-wide basis. The existence of individualized issues and the need for individualized inquiries prevents common issues from predominating. Therefore, this court concludes that plaintiffs have not satisfied the commonality criterion and the common issues do not predominate over individual issues.

### 3. *Typicality*

Plaintiffs must also demonstrate that their "claims or defenses . . . are typical of the claims or defenses of the class." Pa.R.C.P. §1702(3). This factor requires that "the class representative's overall position on the common issues is sufficiently aligned with that of the absent class members to ensure that her pursuit of her own interests will advance those of the proposed class members." *D'Amelio,* 347 Pa. Super. at 458, 500 A.2d at 1146; *Janicik,* 305 Pa. Super. at 134, 451 A.2d at 457; *Ablin Inc. v. Bell Telephone Co. of Pennsylvania,* 291 Pa. Super. 40, 48, 435 A.2d 208, 212 (1981). See also, 1 Newberg on Class Actions §1115a. This court determined earlier that plaintiffs have not satisfied the commonality criterion because a variety of facts and circumstances, unique to each plaintiff, must be considered to resolve the issue of confidential relationship.

As it is usually true when the court finds no commonality, typicality is also absent. Since it is apparent from the court's finding that other members of the class will

have unique facts, they will not be sufficiently aligned with that of the present class representative.

## III. ADEQUACY OF REPRESENTATION

For the class to be certified, this court must also conclude that the plaintiffs "will fairly and adequately assert and protect the interest of the class." Pa.R.C.P. §1702(4). Adequate representation is evaluated under consideration set forth in Pennsylvania Rule of Civil Procedure 1709. However, having determined that plaintiff failed to satisfy the typicality and commonality requirements, it is "unnecessary for the trial court to consider the remaining . . . elements." *Weismer*, 419 Pa. Super. at 410, 615 A.2d at 431.

## IV. FAIR AND EFFICIENT METHOD OF ADJUDICATION

Finally, this court would generally address whether allowing plaintiffs to proceed with adjudication of this suit as a class action would be both fair and efficient. The factors to be evaluated are set forth in Pennsylvania Rule of Civil Procedure 1708. As above, having determined that plaintiff has failed to satisfy the requirements for certification of this case as a class action, we need not reach the merits of this inquiry. *Weismer*, 419 Pa. Super. at 410, 615 A.2d at 431.

## POWER TO DECERTIFY

As stated initially, the plaintiffs also alleged that the trial court lacked the power or discretion to decertify this class. This argument must fail. This assertion is made

without citation to precedent. Pa.R.C.P. 1710 does give this court power to revoke, alter or amend an order certifying a class. This is always appropriate, when later developments in the litigation reveal that a prerequisite of a certification is not satisfied. It should be clear that the later development in this case is that a confidential relationship, not an agency relationship, must now be proven to establish a fiduciary duty. I assume that the plaintiff raised this because of her belief that the Superior Court had ruled that a confidential relationship could proceed on a class-wide basis. Quite to the contrary, this court finds that Block's decertification motion does not ask this court to overrule an appellate decision, as no appellate court had the opportunity to consider the class' ability to prove confidential relationships on a class-wide basis.

## CONCLUSIONS OF LAW

(1) This court has the power to decertify;

(2) The grounds for decertification are satisfied since the fiduciary duty must be shown through evidence of a confidential relationship and that evidence by its very nature will be unique to each class member; the requirements of commonality and typicality cannot be met.

(3) This case cannot continue as a class action but may proceed with individual parties only.

For the foregoing reasons, this court has determined that the instant case is not appropriate for disposition as a class action and entered the appropriate order.