**Salkin v. Mastercard International Inc.**

*Howard D. Scher,* for plaintiff.
*Thomas P. Manning,* for defendant.

BERNSTEIN, *J.,* October 9, 2005—This appeal presents straightforward issues: (1) Whether a non-party to a contract may invoke a contract's arbitration clause to dismiss all allegations in a class action lawsuit, and (2) when dismissal is denied, may that non-party to the contract claim a right of interlocutory appeal by having characterized their motion as a motion to compel arbitration.

This class action was commenced on August 20, 2004, deriving from defendant Mastercard International Incorporated's allegedly unlawful charges for international financial transactions. Defendant Mastercard International Incorporated is not a bank, does not issue Mastercard credit cards and has no contract with either the representative plaintiff or any class member. Preliminary objections which did not raise the issue that class action was prohibited were filed and sustained in part by order of January 26, 2005.

On December 2, 2004, a case management order was issued setting discovery, motion deadlines and projected a class certification hearing date. On March 24, 2005, plaintiff filed a motion for partial summary judgment together with a motion for class certification. On March

28, 2005, defendant Mastercard International Incorporated filed a motion entitled "petition to compel arbitration," a motion which is really a motion to dismiss all class allegations and compel representative plaintiff's individual claim to arbitration. By order dated June 2, 2005, plaintiff's motion for partial summary judgment was denied. By order dated June 7, 2005, defendant's "petition to compel arbitration and for a stay of proceedings" was denied. It is from this order that the defendant appealed to the Superior Court on June 9, 2005. On June 10, 2005, the court extended discovery for the purpose of conducting previously court-ordered depositions. By order dated July 12, 2005, defendant's second motion for stay was denied and pursuant to plaintiff's "motion to overrule frivolous claims of privilege," a special master was appointed to review hundreds of pages of allegedly privileged documents. Before the special master could rule, the activities of the special master halted when the Superior Court issued a stay of proceedings.

Defendant Mastercard International Incorporated does administrative work and financing for numerous banks which issue Mastercard credit cards to consumers. Defendant Mastercard International Incorporated has no agreement with representative plaintiff or any other class member. Defendant Mastercard International Incorporated filed a petition to dismiss all class allegations and remand only plaintiff Salkin's individual action to arbitration. The only basis for defendant Mastercard International's motion is the cardholder agreement between representative plaintiff and Chase Bank, a nonparty. The court held a hearing on "defendant's emer-

42

gency motion for stay" on June 30, 2005, at which the parameters of this motion to remand for arbitration were clarified.

"The Court: You're not a party to that agreement are you?

"Mr. Scher: Well . . .

"The Court: You are a party?

"Mr. Scher: We are not a signatory to that agreement.

"The Court: Are you a party?

"Mr. Scher: Well if the party you know is . . .

"The Court: Well it can't be an 'if.' You know what a party is. I know what a party is, particularly a party to a contract has been defined since medieval England. On behalf of your client are you a party to that agreement?

"Mr. Scher: The word party is contained in third-party beneficiary.

"The Court: Are you a party?

"Mr. Scher: We are not a direct party.

"The Court: Are you a party for that agreement?

"Mr. Allegaert (on behalf of defendant Mastercard International Incorporated): If I may, your honor, we're not a party to that agreement, defendant Mastercard acknowledges that we're not a party to plaintiff's cardholder agreement."

Defendant Mastercard International Incorporated is relying on the claim that they have chosen to be a third-party beneficiary of a contract to which they are not a party. They call this unsupported theory "equitable estoppel." To present an arguable interlocutory appeal,

defendant Mastercard International Incorporated is compelled to transmogrify a motion which seeks the "dismissal of all class allegations" into "remand to arbitration" and, by legerdemain, transform the words "third-party beneficiary" (which they clearly are not) into "equitable estoppel." The reality is, defendant claims that because the agreement between the named plaintiff and his bank, a non-party to this litigation, required arbitration of individual claims between a cardholder and the bank, and preclude class action litigation, as a third-party beneficiary defendant is entitled to the same option.[1]

The claim that the defendant herein imposed unlawful hidden charges is no different than any other dispute between a customer who makes a consumer purchase using his credit card and any other seller. A seller who is not a party to the credit card contract between the purchaser and his bank has no right to claim their dispute must go to arbitration, neither does defendant herein.

In fact, defendant Mastercard International Incorporated's claim that arbitration is mandated as a third-party beneficiary is actually a non-appealable motion to dismiss this class action. At the hearing of June 30, the court investigated this nature of the motion:

"The Court: Really you claim to go to arbitration with the motion to dismiss all class actions because in going to arbitration you're really seeking to enforce a clause

---

1. The contract only allows the bank or the plaintiff the right to demand arbitration. It does not make arbitration mandatory. Defendant Mastercard International Incorporated actually claims the right to step into Chase Bank's shoes to make and enforce this demand.

that says you can't bring a class action in arbitration, right?

"Mr. Allegaert: That is correct, your honor, but we disagree with your honor's characterization of our petition as being a motion to dismiss all class actions.

"The Court: So it's a motion to go to arbitration, the effect of which is to dismiss all class allegations, correct? Or incorrect?

"Mr. Allegaert: The effect of it would be to preclude this plaintiff from proceeding further in this court.

"The Court: Now answer my question. It's a motion to order the case to arbitration without any class action allegations, correct?

"Mr. Allegaert: Correct."

Plaintiff alleges that Mastercard International Incorporated has been unjustly enriched by hiding a "currency conversion fee" into the transaction amount charged cardholders through their bank whenever cardholders purchase goods or services in currencies other than U.S. dollars. Plaintiff has filed this lawsuit on behalf of himself and 400,000 other Pennsylvania cardholders who have paid such hidden fees. Plaintiff asserts no claim against any issuing bank or any defendant other than Mastercard International Incorporated. Plaintiff does not rely on any contractual relationship between the cardholder and the defendant for their claim.[2] Mastercard International Incorporated, in their answer to the amended complaint, affirmatively states that there is no relation-

---

2. Amended complaint paragraph 4.

ship contractual or otherwise with plaintiff or any other Pennsylvania cardholder class member.[3]

There simply is no agreement to arbitrate between plaintiff and Mastercard International Incorporated. Mastercard International Incorporated is not a party to any cardholder agreement containing an arbitration clause. A non-party cannot avail itself of an arbitration clause contained in a contract. See *Cumberland-Perry Area Vocational-Technical School Authority v. Bogar & Bink,* 261 Pa. Super. 350, 396 A.2d 433 (1978). A contractual arbitration clause has never been extended to claims by or against non-parties. See *PBS Coal v. Hardhat Mining Inc.,* 429 Pa. Super. 372, 632 A.2d 903 (1993) and *Schoellhammer's Hatboro Manner Inc. v. Local Joint Executive Board,* 426 Pa. 53, 231 A.2d 160 (1967). Arbitration agreements are to be strictly construed and not extended by implication. *Emmaus Municipal Authority v. Eltz,* 416 Pa. 123, 204 A.2d 926 (1964). There is no "equitable estoppel" exception to the requirement of contractual privity to an agreement which would require this court to dismiss all class allegations in order to send this matter to arbitration. There is no "equitable estoppel" exception to privity to extend the grasp of the arbitration clause in a contract between a cardholder and his bank to the dismissal of all class action allegations. Further, the contract upon which defendant relies specifically includes only claims asserted by or against the parties to

---

3. See also, paragraphs 2, 5, 18, 19, 22, 24, 25, 37 and 44 of defendant Mastercard International Incorporated's answer to amended complaint.

the contract, namely the representative plaintiff and his bank.[4]

All class members are Pennsylvania residents. All signed up for and received their credit cards in Pennsylvania. All were billed in Pennsylvania. All paid their credit card bills in Pennsylvania. Defendant Mastercard International Incorporated claims that, by virtue of an arbitration clause in a contract to which it is a stranger, that the procedural right of class action litigation afforded to Pennsylvania citizens by case law and by rules of civil procedure adopted by the Pennsylvania Supreme Court are negated.

Pennsylvania favors class action treatment in appropriate cases. It is the policy of the Commonwealth of Pennsylvania that class certification rules should be liberally applied in favor of maintaining a class action. See *Weismer v. Beech-Nut Nutrition Corp.,* 419 Pa. Super. 403, 615 A.2d 428 (1992); *Janicik v. Prudential Insurance Co. of America,* 305 Pa. Super. 120, 451 A.2d 451 (1982).

---

4. Mastercard International Incorporated wishes to analogize to rulings in multi-district litigation in New York. However, there can be no analogy. In the New York litigation plaintiffs are asserting anti-trust and conspiracy claims against Mastercard International Incorporated, Visa and several issuing banks. In the New York multi-district litigation, plaintiffs have alleged agency, joint venture, common control and conspiracy.

In the present case there is no conspiracy claim, no claim whatsoever is asserted against any bank. The case is presented exclusively against Mastercard International Incorporated based upon its own allegedly illegal practice. Plaintiff does not seek any agency liability, joint or several liability or any other form of secondary or vicarious liability against defendant Mastercard International Incorporated.

The claim presented is that the currency conversion fee on cardholders' purchases overseas was one percent of the purchase price. Thus, even $1,000 in purchases would result in an illegal charge of only $10. Although the claim as class matter for 400,000 Pennsylvania residences could amount to millions of dollars, no individual could ever possibly pursue an action. The costs of pursuing 400,000 individual claims is totally prohibitive in comparison to recovery and would clearly preclude any remedy for minor wrongs. The entire purpose of class action litigation is to provide a vehicle for parties whose claims are not sufficient to allow for individual lawsuits. There is a "long-standing public policy of this Commonwealth to permit the aggregation of small claims which otherwise would not be litigated in individual actions." *Kelly v. County of Allegheny,* 519 Pa. 213, 223, 546 A.2d 608, 612-13 (1988). "A critical fact in this litigation is that every individual stake in the damage award he seeks is only $70. No competent attorney would undertake this complex anti-trust action to recover so inconsequential an amount. Economic reality dictates that petitioner's suit proceed as a class action or not at all." *Eisen v. Carlisle and Jacquelin,* 417 U.S. 156 (1974). As the Superior Court said in *McNulty v. H & R Block Inc.,* 843 A.2d 1267, 1273, "Avoiding the public court system to save time and money is a laudable society goal. But avoiding the public court system in a way that effectively denies citizen access to resolving every day social disputes is unconscionable. Goals favoring arbitration of civil disputes must not be used to work oppression. When the goals given in support of contract clauses like this are used as a sword to strike down access to justice in-

stead of a shield against prohibitive costs, we must defer to the over-riding principle of access to justice."

Accordingly, for the reasons set forth above, the decision of this court to deny the motion to dismiss, characterized as a motion to order arbitration without any right to class action status, should be affirmed because defendant Mastercard International Incorporated has no right to invoke Chase Bank's right under a contract to which Mastercard International Incorporated is not a party.[5]

---

5. Since defendant Mastercard International Incorporated is not a party to the contract between Chase Bank and the named representative plaintiff or any class member and has no right to invoke its preclusion of class action status, the court has not analyzed whether an arbitration agreement which precludes class action litigation by a contract of adhesion violates Pennsylvania public policy.